## KEAWE *vs.* S. PARKER *et al.*

### IN EQUITY. BEFORE JUDD, C.J.

### MAY, 1884.

Defendants held to be trustees for plaintiff as to certain lands purchased by them: the facts as to plaintiff's claim being such as to put defendants on enquiry, and to constitute notice in equity.

Such a trust can be proved by parol and is not within the Statute of Frauds.

### DECISION OF JUDD, C.J.

This is a bill in equity to declare and execute a trust. It is as follows: "Your orator Keawe, residing at Hamakua, on the Island of Hawaii, humbly complaining, showeth unto your

Honor that heretofore, to wit, during the year 1852, certain persons, to wit, Napeahi, Nohoikahiki and Luheluhe, residing at Hamakua aforesaid, made application to the Hawaiian Government for the purchase of certain Government land situated in Hamakua aforesaid, through one Rev. L. Lyons, residing at Waimea, on the island aforesaid, the then duly authorized agent of the Government for Hamakua aforesaid, it being understood and agreed between the land agent and the applicants aforesaid, that the title to said land was not to pass nor a patent therefor to be delivered to the applicants until the whole of the purchase money and fees, to wit, $72, had been paid over by the said applicants to the Hawaiian Government. That said applicants paid over a portion of the purchase money, but thereafter, to wit, for the space of three years or there-abouts, said applicants neglected and failed and were unable to pay the balance thereof.

That thereupon the agent aforesaid informed said applicants that unless said purchase money was paid in forthwith, that the land aforesaid would be sold to another, to wit, to Mokuola.

The said applicants therefore made application to one Kaiwi, residing in Hamakua aforesaid, for the loan of money sufficient to pay the balance then due upon said purchase money, to wit, $48, then and there promising the said Kaiwi that in considera-tion of said loan, he should be let in as a purchaser with them; that his name should appear in the patent therefor, and that his share of the land should be in proportion to the amount of money he had paid in; that the said Kaiwi, induced and relying on the promises aforesaid, advanced the balance of the purchase money due as aforesaid, and therefore, to wit, in the year 1855, the patent therefor; to wit, Royal Patent (grant) No. 940 was delivered by the Government to said applicants; that in pur-suance of said agreement said applicants requested the land agent to have the name of said Kaiwi inserted in the patent aforesaid, but the land agent aforesaid said it could not be done as the patent had already been made out.

That after the delivery of the patent as aforesaid and in

pursuance and execution of said agreement, the mauka portion of the purchase land was set apart to, and thereafter was continuously and exclusively occupied by, the said Kaiwi, the dividing line between his portion and that of his fellow purchasers being, however, then unascertained.

That during the year 1866 two of the original applicants having died intestate, to wit, Napeahi and Nohoikahiki, and the said Kaiwi being desirous of securing his title to said land more fully, applied to the survivor of said applicants, to wit, to Luheluhe and also to one Kaiawa, son and reputed sole heir of the said applicant Napeahi and Nohoikahiki elua, nephew and reputed sole heir of said applicant Nohoikahiki, to execute a deed of conveyance to said Kaiwi, of the land set apart to him as aforesaid in execution of said original agreement. That in compliance with said request said Kaiwi's share, according to the terms of said original agreement, was ascertained and surveyed by one Solomon Lolo, (which said partition, your orator alleges, was a just and equitable one in all respects) and therefore, to wit, August 25th, A. D. 1866, a deed for the land surveyed and set apart as aforesaid was executed and delivered by said Luheluhe and Kaiawa and Nohoikahiki elua to said Kaiwi, which deed is recorded in the Registry of Deeds in Honolulu, on the Island of Oahu, in book 25, page 352.

That thereafter, to wit, on the 25th day of August, A. D. 1866, the said Kaiwi conveyed his said share to one Kahoohua by deed recorded in said Registry in book 25, pages 353 and 354.

That thereafter the said Kahoohua deceased intestate, leaving one D. W. Keliiaa, of Hamakua, aforesaid, as his sole heir-at-law, who conveyed the said land to your orator by deed dated April 14, A. D. 1880, and recorded in said Registry in book 75, pages 3 and 4.

That the said Kaiwi and Kahoohua and D. W. Keliiaa and your orator have successively cultivated and improved, and made large expenditures and built upon the land in question, and have had sole and exclusive possession and enjoyment of the same from said year 1855 continuously hitherto.

That your orator is now informed and believes, and so avers upon information and belief, that the said Kaiawa and Noho-ikahiki elua, who executed said deed to Kaiwi as sole heirs respectively of said Napeahi and Nohoikahiki, were not such sole heirs, but that said Napeahi also left as heirs-at-law besides said Kaiawa three other sons, to wit, said Nohoikahiki elua, Kalio and Wailoa, and that the said Nohoikahiki left as heirs-at-law besides said Nohoikahiki elua the said other three sons of Napeahi, and a widow, to wit, Malanikapu.

And your orator charges that Samuel Parker, S. B. Kaalawa-maka, of said Hamakua, and the Honokaa Sugar Company, a corporation incorporated under the laws of the Hawaiian Islands, defendants, have severally succeeded to and now represent and claim and possess all the pretended rights of all the heirs of said Napeahi and Nohoikahiki in and to the land purchased by your orator as aforesaid in manner following, viz: that the said Samuel Parker has purchased the same of one Kuakini (who purchased the same of said Malanikapu) all her, the said Ma-lanikapu's, right, title and interest in the land purchased by your orator as aforesaid; that the said S. B. Kaalawamaka has purchased of said Nohoikahiki elua and Kaiawa and Kalio all their right, title and interest therein; and that the said Honokaa Sugar Company has leased and now leases the claim purchased by said S. L. Kaalawamaka as aforesaid, and further has pur-chased in its own right from one S. P. Kane, who purchased of said Wailoa, all his, the said Wailoa's, right, title and interest in the land in question. Your orator charging that all of said de-fendants and all intervening purchasers well knew before pur-chasing as aforesaid all the matters and things herein alleged or sufficient thereof to charge them with notice.

And said defendants now threaten to bring ejectment suits against your orator for the recovery of portions of the land pur-chased by your orator as aforesaid, pretending that said original agreement between said applicants and said Kaiwi was invalid, of no effect, and that said deed between Luheluhe and others to the said Kaiwi was invalid and binding neither upon the said heirs who executed, nor those who did not execute the same.

Whereas your orator charges that all of the said original applicants and heirs, and the defendants and all intervening purchasers, received the legal title of said deceased applicants to the land in question, in trust and for the use of your orator.

Therefore your orator prays that this Honorable Court do declare said trust, and do adjudge and decree that said defendants do severally execute the same, and further do execute and deliver a good and valid deed of conveyance of their several interests in the premises in question to your orator, and for costs and such other and further relief as to justice may appertain.

And in order to the above, your orator prays the process of this Court to issue, citing said defendants to appear and answer this complaint, and to be bound by all proceedings had herein.

And your orator as in duty bound will ever pray, etc."

I think it is well proven by the evidence that in 1852, three native Hawaiians, Napeahi, Nohoikahiki and Luheluhe, negotiated with the land agent of the Government, Rev. L. Lyons, for the purchase, at the rate of one dollar per acre, of a piece of land at Ahualoa, Hamakua, Hawaii, consisting of about sixty-nine and one-half acres. A Royal Patent was made out accordingly, but the applicants not being able to raise all the purchase money, procured $48 from one Kaiwi to make up the amount, and agreed with him that he should have of this land the proportion which the money paid by him bore to the whole amount, which was fixed at forty-four and one-half acres, the three patentees having twenty-five acres. The money, $73.50, was then paid to the land agent and the patent No. 940, was delivered to the applicants, August 27th, 1855. The land was not particularly valuable at that time nor until 1876, when cane planting was begun in the neighborhood. Kaiwi cultivated part of this land with various crops of kalo, etc., on the mauka part, and there is evidence that he had a house on it, and that Keliiaa and others, succeeding to his interest, continued to live upon it and cultivate it, with some interruption, up to the time when the Honokaa Sugar Co. plowed the land up for cane planting about two years ago.

In 1866, after the death of Napeahi and Nohoikahiki, a deed was drawn up by Naiapaakai, then Circuit Judge, he taking his instructions from Luheluhe and Kaiwi, of which the following is a translation.

"Know all men by this paper, we, whose are the names called Luheluhe (k.), Napeahi and Nohoikahiki, the persons whose is the purchased land in Royal Patent No. 940, of a number of acres (69½) Ahualoa, at Hamakua, Island of Hawaii, Hawaiian Islands, and for the money that Kaiwi, of Ahualoa, advanced to us at the time of the buying of this land, forty-eight dollars in full, therefore, in order to discharge this money of Kaiwi's, we agree to transfer (hoolilo) to him *the* forty-four and a-half acres (44½ a.,) and by this paper we do convey (or transfer) aboslutely that piece of land for him and for his heirs and his assigns for time unending.

And we do bind ourselves and our heirs and assigns to perform all these things.

Done with our hands at Ahualoa, this 25th day of August, 1866.

LUHELUHE,

NAPEAHI, by Kaiawa,

NOHOIKAHIKI, by the heir,

NOHOIKAHIKI the second.

Done before me,                          NAIAPAAKAI.

On this 25th August, at Hamakua, Hawaii, Hawaiian Islands, Luheluhe did and acknowledged his agreeing voluntarily in the conveying the land above mentioned, for Kaiwi, and to Kaiawa, the heir of Napeahi and Nohoikahiki, afterwards is to be acknowledged his agreeing voluntarily, therefore I do certify this was done properly.

D. K. NAIAPAAKAI,

Circuit Judge."

It will be seen that of the original patentees, only Luheluhe signed the deed.

Kaiawa, who signed as the heir of Napeahi, is shown to have been a minor at the time, and he had other brothers, and more-

over he disaffirms this act by his deed to Kaalawamaka; Nohoikahiki 2d was evidently not present before the acknowledging officer, and did not sign. However ineffectual the deed was, so far as the interests of Napeahi and Nohoikahiki are concerned, it was, in my opinion, an attempt to execute the agreement originally made between the patentees and Kaiwi. The deed has the effect also of evidence to show that such an agreement was made, and that Kaiwi advanced $48 of the purchase money.

The proofs *aliunde* show that the patentees held the land in trust, as to forty-four and one-half acres, for Kaiwi, whose interest is now held by the plaintiff, Kaiwi having conveyed to Kahoohua by deed dated August 25, 1866, and recorded in Liber 25, pages 353-4, and on the death of Kahoohua intestate, D. W. Keliiaa, his son, inherited the estate, and sold to the plaintiff, by deed dated April 14th, 1880, and recorded in Liber 75, pp. 3 and 4.

There was a great deal of evidence taken on the question as to whether the various purchasers had notice of the claim of Kaiwi to this land. Much of this is untrustworthy, especially that of Amona and Kalio, sons of Napeahi, sworn on behalf of the defense. These young men contradict themselves so completely as to be altogether unworthy of credit.

I think, however, that the defendant, Kaalawamaka, is shown to have had actual notice of Kaiwi's claim when he purchased from the sons of Napeahi. This deed bears date the 1st May, 1883, and is recorded in Liber 72, on pages 473 and 474.

. The testimony as to actual notice of Kaiwi's claim to Samuel Parker, who claims an interest in this land by a deed from Kuakini, who purchased the interest of Nalanikapu, the widow of Nohoikahiki, is not satisfactory to me. So also I am not convinced that S. P. Kane, who bought the interest of Wailoa, another son of Napeahi, by deed dated 4th May, 1882, recorded in Liber 77, pages 155 and 156, had actual notice. The four sons of Napeahi, Kaiawa, Amona, Kalio and Wailoa, all claim to be also nephews and heir of Nohoikahiki, their mother being Nohoikahiki's sister, and their several conveyances above referred

to include the interests derived from both Napeahi and Noho-ikahiki.

Actual notice is not shown to have been given to W. H. Rickard, who is S. P. Kane's grantee, by deed dated the 4th May, 1882, nor to the Honokaa Sugar Co. (defendant), who purchased Rickard's interest by deed of January 4th, 1884.

If the defendants are *bona fide* purchasers, without notice of the claim of Kaiwi, they are protected, according to well settled principles and by the statutes of this Kingdom.

It is claimed by the plaintiffs that the naked possession of Kaiwi was sufficient to charge defendants with notice, according to *Maule vs. Waihee Sugar Co.*, 4 Hawaiian, 637. I do not think the acts of possession were sufficiently prominent to put purchasers on their inquiry. The land was unfenced, and uncultivated, except at intervals. There was nothing to mark the boundaries of the land prominently, and moreover, Kaiwi had other land in the neighborhood, and it might be supposed that he was living on it. But it is urged that the deed of 1866, executed by Luheluhe to Kaiwi, was sufficient to affect purchasers with notice. The general rule is that possession is referred to the record title and the purchaser will not be affected with notice of any undisclosed equity or title which the purchaser may have. Wade on Notice, Sec. 297. But it is urged, and with convincing force, that the recital in the deed under consideration disclosed the subsisting equity sufficiently to put purchasers upon inquiry.

It recites as the consideration of the conveyance "the money, (forty-eight dollars) which Kaiwi, of Ahualoa, advanced to us at the time of buying this land, and in order to discharge or pay this money of Kaiwi's, that the patentees agreed to transfer to him the forty-four and one-half acres." I think this language being in a recorded deed, is sufficient to apprise intending purchasers of the same land of the right claimed by Kaiwi, and they took the risk of their purchase being defeated by the enforcement of this right and to the extent of the right.

See Wade on Notice, Chap. IV. Title, Notice from Title

Papers.   The recital here would lead to knowledge of the real transaction.

In *Sigourney vs. Mann,* 7 Conn., 324, it is said that "Whatever is sufficient to put a person on enquiry is considered in equity as conveying notice."

I find a trust here, resulting from the acts of the parties, the estate being purchased in part by Kaiwi, with his own money, and the title in the Royal Patent being in the name of the original applicants.

See Perry on Trusts, Secs. 124, 125, 126. and numerous cases there cited.

That such a trust can be proved by parol is not doubted, and is not affected by the Statute of Frauds, though not specially excepted in the statute.   1 Perry Trusts, Sec. 136.

And it may be so proved even after the death of the nominal purchaser.   *Id.* Sec. 138.

I find, therefore, that the defendants herein are trustees for the use of Keawe, the plaintiff, of 44½ acres of the mauka part of the land described in Royal Patent No. 940 of Government grants, and direct them to execute conveyances accordingly.

*W. A. Kinney,* for plaintiff.

*C. Brown,* for Samuel Parker.

*R. F. Bickerton,* for Honokaa Sugar Co.

*W. C. Holokahiki,* for Kaalawamaka.

Honolulu, May 10, 1884.