MAGGIE SMITH HOUSER, Plaintiff and Appellant, *v.* CHARLES SMITH, JOSEPH R. MORGAN, and AUGUST W. CARLSON, Defendants and Respondents.

Fraud — Not Pleaded — Evidence Concerning Incompetent. Persons Not Parties—Property Rights of—Jurisdiction over —Effect of Judgment. Necessary Parties—Sec. 3192, C. L. U. 1888.

1. *Fraud Not Pleaded—Evidence Concerning Incompetent.*
   Where no fraud is pleaded, evidence tending to show it is improper

2. *Persons Not Parties—Property Rights of—Jurisdiction Over—Effect of Judgment.*
   Courts have no right to dispose of and adjudicate upon property rights of persons not parties to the case and strangers to the record; and a judgment rendered against persons not parties to the action, and over whom the court acquired no jurisdiction, is absolutely void as to them.

3. *Necessary Parties—Sec. 3192, C. L. U. 1888.*
   When a complete determination of a controversy requires the presence of persons not already parties, Sec. 3192, C. L. U. 1888, prescribes the procedure.

(Decided March 28, 1899.)

Appeal from the Third District Court, Hon. Ogden Hiles, *Judge.*

Action to quiet title and to recover possession of certain real estate described in the complaint.

From a judgment for defendants, plaintiff appeals. *Affirmed.*

*C. S. Patterson, Esq.*, for appellant.

Morgan and Carlson were proper parties to the action for divorce where they are alleged to have conspired with the defendant to prevent the judgment for collection of

alimony. *Burchett* v. *Hamill* (Okl.), 47 Pac., 1051; *Damon* v. *Damon*, 28 Wis., 510; *Busenbark* v. *Busenbark*, 33 Kan., 572 (7 Pac., 245); *Gardenhire* v. *Gardenhire*, 2 Okl., 484 (37 Pac., 813); *Questel* v. *Questel*, Wright's Ohio Rep., 92.

Equity has jurisdiction by injunction to prevent acts of irreparable injury to land, even though there is a controversy as to title between the parties, and, having jurisdiction on that ground, will go on to give full relief, though in so doing it be necessary to decide between the adverse titles. *Bettman* v *Harness* (W. Va.), 36 L. R. A., 556; *Yates* v. *Stewart*, 39 W. Va., 124; *Lewis* v. *North Kingston*, 16 R. I., 15. (27 Am. St. Rep., 727.) See also note to case last cited, in Am. St. Rep.

Where the jurisdiction of the court once attaches, it extends over the whole case, and the court will determine all questions necessary to a full adjudication of the controversy. *Quarl* v. *Abbott*, 102 Ind., 233 (1 N. E., 476); *Field* v. *Halzman*, 93 Ind., 205; *Carmichael* v. *Adams*, 91 Ind., 526; 1 Pom. Eq. Jur., Sec. 231; *Allen* v. *Elder*, 76 Ga., 674 (a Am. St. Rep., 63); *Chickering* v. *Brooks*, 61 Vt., 555; Ahl's Appeal, 129 Pa. St., 49; *Crump* v. *Ingersoll*, 47 Minn., 179; *Miller* v. *Ry. Co.*, 83 Ala., 274 (3 Am. St. Rep., 722); *Whipple* v. *Fairhaven*, 63 Vt., 221.

One having actual notice of an injunction is bound by it, even though it be not served at all. High on Injunctions, Sec. 14 *et. seq; Ex parte* Cotteral, 59 Cal., 421; *Mining Co.* v. *Sup. Ct.*, 65 Cal., 187.

If there was some notice and the court adjudged it sufficient, the judgment can not be collaterally attacked, although the notice was defective. The proper remedy is by appeal. *In re* Amy Estate, 12 Utah, 278; *Kinney* v. *Lewis*, 2 Utah, 517; *People* v. *Hager*, 52 Cal., 171;

*Insurance Co.* v. *Highsmith*, 44 Iowa, 330; *Shawhan* v. *Loffer*, 24 Iowa, 226; *Hall* v. *Law*, 102 U. S., 464; *Adams* v. *Cowles* (Mo. Sup.), 8 S. W., 711; *Nash* v. *Church*, 10 Wis., 244; *Callen* v. *Ellison*, 13 O. St., 446; *Blasdel* v. *Kean*, 8 Nev., 308; *Davis* v. *Robinson*, 70 Tex., 397 (7 S. W., 749); *Waterhouse* v. *Counsins*, 40 Me., 333.

The record may be defective or incomplete in consequence of the loss or absence of a part of the record, or from the omission of proper recitals; or the record, though apparently complete and regular, may say nothing on the subject of jurisdiction, or its deliverance may be obscure or ambiguous; for any of these reasons the record may fail to show affirmatively that the court had jurisdiction of the subject and persons, while it does not yet distinctly show a want of jurisdiction; in any of these cases the weight of authority sustains the rule that the judgment, if rendered by a superior domestic court, will sustain itself against any collateral attack by parties or privies on account of any alleged want of jurisdiction. 1 Black on Judgments, 271; *Hahn* v. *Kelley*, 34 Cal., 391; *Sharp* v. *Brunnings*, 35 Cal., 528; *Coit* v. *Haven*, 30 Conn., 198; *Lawler* v. *White*, 27 Tex., 250; *Swearengen* v. *Gulick*, 67 Ill., 268; *Goar* v. *Maranda*, 57 Ind., 339; *Kramer* v. *Breedlove* (Tex.), 3 S. W., 561; *Evans* v. *Young*, 10 Colo., 316; *Hill* v. *City Cab Co.* (Cal.), 21 Pac., 728.

When the record states the evidence, or makes an averment as to a jurisdictional fact, that averment, or its conclusions from such evidence is conclusive, and will not be questioned collaterally. Am. & Eng. Enc. of Law (O. S.), Vol. 12, p. 272; *Mining Co.* v. *Sup. Ct.*, 65 Cal., 187; *Betts* v. *Bagley*, 12 Pick., 572; *Wright* v. *Douglas*, 10 Barb., 97; *Jackson* v. *State*, 104 Ind., 516,

(3 N. E., 863, and cases there cited.)  *Grignon's Lessee*
v. *Astor*, 2 How., 319; *Riley* v. *Waugh*, 8 Cush., 220;
*Cooper* v. *Sutherland*, 3 Iowa, 114; *Henderson* v. *Brown*,
1 Cal., 92; *Vail* v. *Owen*, 19, Barb., 22.

The stability of judicial records is requisite for the
·peace and comfort of society, and for the protection of all
persons who may deal with rights or property in reliance
upon their conclusiveness.  If judgments were open to
collateral attack, they would no longer be final adjudica-
tion of the rights of litigants, but a starting point from
which a new litigation would spring up.  Acts of limita-
tion would become useless and nugatory, purchasers on
the faith of judicial process would find no protection,
every right established by a judgment would be insecure
and uncertain, and a cloud would rest upon every title.
*Lancaster* v. *Wilson*, 28 Grat., 629.

*Messrs. Booth, Lee & Ritchie,* for respondents.

It appears from the record introduced at the trial in the
case of Maggie Smith against Charles Smith that no sum-
mons was ever served upon Joseph R. Morgan or August
W. Carlson, and no complaint was ever filed against
them.  The only thing that is claimed by the appellant is
that certain writs of injunction were served upon them
forbidding them from transferring this property.  The
very decree that was entered in that cause showed that it
was entered in a cause wherein Maggie Smith was plain-
tiff and Charles Smith defendant.  There is no recital of
any default having been entered against Morgan or Carl-
son, and there is no recital that they have ever been made
parties to the action, nothing except they testified as wit-
nesses.  Now then, counsel for the appellant has recited
a great many authorities, none of which seem to us to be
in point on this case.  There was a way provided by the

Compiled Laws of Utah, then in force, to have made Morgan and Carlson parties to that suit.

Compiled Laws of Utah, 1888, Vol. 2, Sec. 3192.

This section of the Compiled Laws does not appear to have been complied with, and the decree, so far as Morgan and Carlson are concerned, is a mere nullity, having no force or effect whatever.

The plaintiff, on the trial, went into the question of whether or not the conveyance by Charles Smith to Joseph R. Morgan was fraudulent, and introduced evidence for that purpose, not relying upon the decree in the district court in the case of Maggie Smith against Charles Smith wholly.

But fraud can not be proven unless pleaded, and it is a familiar principle of equity practice that facts constituting fraud must be specifically pleaded, and no proof can be admitted under a mere general allegation that a transaction was fraudulent. Much less can facts supposed to show fraud, though proven, afford a foundation for a decree of relief from fraud if fraud is not pleaded at all, and still less can such relief he had in a suit to quiet title from fraud assumed to appear in evidence, but wholly unpleaded.

### STATEMENT OF FACTS.

This is an action to quiet title and to recover possession of certain real estate described in the complaint. The record shows, in substance, that on February 19, 1889, the defendant, Charles Smith, was the owner of the premises described in the complaint, and on that day, in consideration of the sum of three thousand dollars, then paid to him in cash, he conveyed said premises to the purchaser, Joseph R. Morgan, by warranty deed, and that such deed was duly recorded on that day. The plaintiff,

Maggie Smith Houser, was married to the defendant, Charles Smith, on June 4, 1890. This was over one year after such conveyance by Smith to Morgan. The defendant Smith first became acquainted with plaintiff in April, 1890, which was some time after such conveyance. On August 26, 1891, plaintiff brought suit against defendant Smith in Salt Lake County to procure a divorce, and a decree of divorce was granted to her December 23, 1892, and thereafter she married one C. A. Houser. Neither the defendants Joseph R. Morgan nor August W. Carlson were made parties to the said action, nor did either of them appear therein. On the same date, an injunction was issued against defendants Smith and Morgan enjoining them from transferring or incumbering said real estate previously conveyed to Morgan. On the same day a summons was issued in said action, and served on Charles Smith April 26, 1891, but Morgan and Carlson were not named therein as defendants to the action. On the second day of September, 1891, Smith answered said complaint. On November 11, 1892, an order was issued, requiring Smith alone to show cause why Smith should not be required to pay alimony and expenses of the suit. This paper included a restraining order against defendants Smith and Morgan, forbidding the sale or incumbrance of the said land. This was served on Smith and Morgan November 15, 1892. On the twenty-eighth day of December, 1891, an amended supplemental complaint was filed by the plaintiff against the defendant Smith, but not served. This complaint charged that on the twelfth day of November, 1891, Morgan, by instigation of Smith, had executed and delivered to the defendant Carlson herein named, a mortgage of two thousand dollars on said land in violation of the order of the court, and charging the mortgage to have been fraudulently executed

and void, and asking to have the same canceled.   Neither Morgan nor Carlson were made parties to this complaint, nor was summons issued or served upon them.   On the twentieth day of December, 1892, an order was made by the district court, requiring Smith and Morgan to show cause why they should not be punished for contempt in violating the order of injunction issued November 12, 1891; but in the meantime the parties, plaintiff and defendant, had compromised their difficulties, and had been living together for several months prior to the order.   This order to show cause was served on Smith and Morgan December 20, 1892, but it does not appear that any hearing was ever had upon the order, and no action was taken thereunder.   On the eleventh day of November, 1892, Maggie Smith, the plaintiff herein, filed a second supplemental complaint against the defendant Smith.   In this supplemental complaint it appears that after filing the first complaint for divorce the plaintiff and defendant had been reunited and had been living together as husband and wife from November, 1891, to the thirtieth day of September, 1892.   It is not charged and does not appear from either complaint that Joseph R. Morgan had been guilty of any·fraud in the transaction, except that he made the mortgage to Carlson on the land previously conveyed to him.   It does not appear that this complaint was served upon any one.   Neither Morgan nor Carlson were made parties to this complaint, and they did not appear in the action.   On December 20, 1892, another order to show cause was issued against Smith, Morgan, and Carlson, to show cause why they should not be punished for contempt.   This was personally served, but no hearing was ever had upon it.   All papers in the case were entitled Maggie Smith v. Charles Smith.   After trial a decree of divorce was entered in the case on December 30, 1892.

The decree granted the divorce prayed for in the complaint, and purported to adjudicate the rights of property and to decree the deed from Smith to Morgan fraudulent and void, and the mortgage from Morgan to Carlson void, and to decree the plaintiff judgment for alimony, which was declared to be a lien upon said real estate, although neither Morgan nor Carlson were ever made parties to said action. After such decree, sale was made of said land to pay the alimony decreed to the plaintiff, and Carlson became the purchaser on the first sale to pay the first installment of alimony, and plaintiff became the purchaser under her decree at the second sale to pay the second installment of alimony.

In this present action the plaintiff seeks to have her title quieted to said land under said decree and sale, to her. In the present case before us, the defendant Morgan answered, denying all the allegations in the complaint, and claims title to the land under his deed from Smith, made prior to his marriage, and asking to have the title quieted. Upon the trial the plaintiff endeavored to show the transaction fraudulent between Smith, Morgan, and Carlson, and the decree in the former action was introduced in evidence. Upon this hearing the court found, adjudged, and decreed the title to said land in Morgan, and also found that Smith conveyed the land to Morgan in good faith, for the sum of three thousand dollars paid in cash, without any intent to hinder, delay, or defraud the plaintiff; that said consideration was paid and the deed made to Morgan before said Smith became acquainted with the plaintiff; that said Smith had no interest in said land since the sale to Morgan; that the said decree of the district court, declaring said deed to Morgan and the mortgage to Carlson void and fraudulent as to the plaintiff, was made in a case where neither said Morgan nor Carlson were

parties defendant; that no summons or process was ever served upon them in the case as defendants, and that they never appeared therein as parties thereto; that their rights could not be adjudicated therein; that the court had no jurisdiction to make or cause to be entered any decree in the said action adjudicating their rights in or to said premises, and that said decree was of no force or effect as to the said defendants Morgan and Carlson, who were not made parties thereto; that the sale of said property under said void decree was irregular and void, and carried no title to the purchasers as against said Morgan or Carlson. The plaintiff appealed from this decree, and claims that the finding of fact, and decree, are contrary to the evidence.

After stating the facts, Miner, J., delivered the opinion of the court:

It appears from this decree that in the case of *Maggie Smith* v. *Charles Smith*, no complaint was ever filed against Joseph R. Morgan or August W. Carlson, and no summons was ever served upon them in that action, nor did either of said parties ever appear, nor were they ordered to appear therein. Writs of injunction were served, forbidding them from transferring or disposing of the property. No default was ever entered against them or either of them, and there is no record in the decree that they were ever made parties, but it does appear that they testified as witnesses. It does appear from the testimony that the conveyance was made by Smith to Morgan more than a year before Smith knew or was married to the plaintiff. There is no fraud charged against Morgan or Carlson in the complaint, as in any manner affecting the plaintiff. No effort was made to have Morgan or Carlson brought in as defendants in the case of *Smith* v. *Smith.*

Sec. 3192, Compiled Laws 1888, provides that "the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must then order them to be brought in, and thereupon the party directed by the court must serve a copy of the summons in the action, and the order aforesaid in like manner of service of the original summons, upon each of the parties ordered to be brought in, who shall have ten days, or such time as the court 'may order, after service in which to appear and plead; and in case such party fail to appear and plead within the time aforesaid, the court may cause his default to be entered, etc."

Appellant claims to rely upon Sec. 3301, Compiled Laws of 1888, and claims to have proceeded under that section, but this section was repealed in 1890. See Session Laws 1890, page 17.

If this section was in force, it would not be applicable to this case. On the trial of the case, some evidence was offered tending to show fraud, but as fraud was not pleaded, the evidence tending to show it was improper. *Wilson* v. *Sullivan,* 17 Utah, 341; 53 Pac. Rep., 994.

The plaintiff placed in issue her rights to the land in question under the decree and deed from the marshal. The defendants, Morgan and Carlson, were strangers to the proceedings under which the decree was obtained. This property was wrongfully and illegally decreed to belong to another party without the owners being made parties to the action or having any opportunity to be heard in court to defend the title thereto. After their rights to the property were made known to the court no proceedings were taken, as provided by statute, to make

either Morgan or Carlson parties so that the title to the land could legally be determined. The defendants, Morgan and Carlson, alleged in their answer, and the proofs show, that they were not parties to the proceeding wherein Maggie Smith was plaintiff and Charles Smith was defendant, in which a decree was rendered, declaring said deed from Smith to Morgan fraudulent and void. On the face of the record as shown, the decree in the case of *Smith* v. *Smith* in so far as it declares said deed and mortgage void, is wholly and absolutely void, and was rendered without jurisdiction over the persons or property of said Morgan and Carlson. It is not a question of collateral attack upon the judgment. The record presents a case where the judgment is shown to be absolutely void, and rendered against persons who were not before the court and over whom the court had no jurisdiction. Courts have no right to dispose of and adjudicate upon the property rights of persons who are not parties to the case, and who are total strangers to the record. Van Fleet on Collateral Attack, Sec. 16, and also 494; *Mosby* v. *Gisborn*, 54 Pac. Rep., 121; 17 Utah, 257.

We are of the opinion that the findings of fact and the decree are sustained by the evidence. We find no reversible error in the record. The findings and judgment of the district court are affirmed with costs.

Bartch, C. J., and Baskin, J., concur.