## In re HELIN'S ESTATE.

### Appeal of HANSEN.

No. 3424.   Decided March 12, 1920.   (188 Pac. 633.)

1. TRIAL—DISCRETIONARY WITH COURT TO GRANT TRIAL BY JURY WHERE ISSUES ARE PURELY EQUITABLE. Where issues to be tried are purely equitable, the question of granting trial by jury is one wholly within the discretion of the court. (Page 574.)

2. EVIDENCE—POSSESSION OF DEED CARRIES PRESUMPTION OF REGULARITY. The possession of deed regular upon its face carries with it the presumption of regularity, even where not filed until after the death of the grantor.[1]   (Page 575.)

Appeal from District Court of Salt Lake County, Third District; *Wilson McCarthy,* Judge.

In the matter of the estate of Anna S. Helin, deceased.

Petition by Peter H. Hansen, as administrator, for an order to sell real estate.

From an order denying the petition on protest of Alex F. Jones, the administrator appeals.

ORDER AFFIRMED.

*C. E. Norton,* of Salt Lake City, for appellant.

*Morgan & Huffaker,* of Salt Lake City, for respondent.

GIDEON, J.

In March, 1917, Peter H. Hansen, appellant, was appointed administrator of the estate of Anna S. Helin, deceased, by the district court of Salt Lake county. In May, 1918, the appellant, as administrator, filed a petition for an order to sell

[1] *Ewing* v. *Keith,* 16 Utah, 312, 52 Pac. 4; *Wilson* v. *Cunningham,* 24 Utah, 167, 67 Pac. 118.

certain real estate described in the petition and claimed to be the property of the estate for the purpose of paying the indebtedness of the estate and expenses of administration. The respondent, Alex F. Jones, filed a protest against the allowance of the petition, in which he claimed to be the owner of the real property, and denied that the estate or the administrator had any interest in or right to said property. It is alleged in the protest that the deceased, on or about the 6th day of November, .1911, was the owner of the property described in the petition; that at such time she had one son, Peter Helin, who was an incompetent; that on or about that date the deceased and the protestant, Jones, entered into a written agreement whereby it was stipulated that, in consideration of the support of herself and her demented son during the remainder of their natural lives, and the further consideration of the payment of $299, receipt of which was acknowledged, the protestant should receive the property in controversy, and that a deed had been executed by the deceased, conveying the property to the protestant Jones. It is also stated in the protest that the agreement provided that the deed to the property should be left in escrow until the death of the said Anna S. Helin, at which time it should be delivered to Jones. It is further stated that in compliance with that agreement he, Jones, supported the deceased, provided her with a home, the necessaries of life, clothing, etc., during her lifetime, and at her death paid the funeral expenses and the expenses of her last illness. Furthermore, that he had, from the date of the contract, supported her son, and was continuing to and was furnishing him with all of the conveniences and necessaries of life. The protest recited, in addition, that the contract had been, shortly after the date of its execution, recorded in the county recorder's office in Salt Lake county, and that protestant had been in possession of said property since the date of the contract, had made valuable improvements thereon, and that he claimed to be and was the owner and entitled to possession thereof. It appears that a deed was executed by the deceased, conveying the property to the respondent, and shortly after her death was recorded in the

recorder's office of said county. In the reply filed by the administrator it is admitted that the contract and deed had been executed and recorded. The reply alleges, however, that at the date of the execution of the contract the said Anna S. Helin, by reason of old age, mental and physical weakness, and her inability to read or write any language, was incapacitated from transacting any business; that at said time the respondent, Jones, fraudulently took advantage of her mental and physical weakness, and secured the execution of the contract; that there was no consideration for said contract or deed; and that Jones had paid no part of the consideration mentioned in the contract. The administrator in the reply further alleges that the protestant signed the name of the deceased to the agreement; that the deed was never delivered by the grantor to any person; that it was kept by the deceased during the remainder of her life; that it was taken surreptitiously after her death, and recorded by the protestant, Jones.

The court, in July, 1919, denied the petition for sale of the real property. The court was, however, of the opinion that the protest on the part of Jones and the reply by the administrator were sufficient to present the question whether the title to the property held by Jones had been procured or obtained by fraudulent or unfair means; that the court could and should therefore determine the issues thus presented, and ascertain what interest, if any, the estate had in this particular property, and for those reasons made an order that a hearing on said issues be transferred to the equity calendar of the district court. The administrator, it seems, filed a written demand for a jury to try such issues. However, no jury fee accompanied such demand, and consequently no jury was in attendance upon the court. The issues, if any issues were presented, were purely equitable, and the question of granting a trial by jury was one wholly within the discretion of the court.

One Mary C. Hansen held a judgment against the deceased, and that judgment had been presented to the administrator, as a claim against the estate, and allowed for an amount in

excess of $400. The claimant was the wife of the administrator. It is apparent that it was the desire of the court to ascertain the facts and definitely determine whether or not the estate had any interest in this property, and, if so, to direct the sale of such interest and apply the proceeds to the payment of this judgment.

In October, 1919, the cause came on for hearing. The court definitely announced to counsel that the only question at issue, and the only one to be adjudicated at that time, was the title to the property, and declared that, no matter what the pleadings might be designated, they, nevertheless, presented a cause of action, and a liberal construction would be given to the pleadings to determine that issue. The court, at the same time, stated to counsel that the reply on the part of the administrator would be considered in the nature of a complaint, asking relief in the way of having the property declared part of the assets of the estate, or, at least, to determine what interest, if any, the estate had in such property; that the protest on the part of the respondent would be considered in the nature of an answer to the complaint. During the hearing, in an effort to ascertain the administrator's theory of the proceedings, the court addressed this remark to his counsel:

"Just what are you going to try to allege here? I would like to give you all the leeway that the court can; I would like to do justice between the parties. Are you going to try to prove that this deed was a mortgage and set it aside?"

Counsel answered:

"Not yet. Not going to set it aside; no, sir. We are not going to try to set it aside."

The court, doubtless at a loss to understand counsel's theory of the proceedings, permitted him to introduce all the testimony offered by him.

There was, however, a total absence of proof which, considered most favorably to the administrator, would in any way tend to impeach the contract or the deed.

Counsel for the administrator seemed to be of the opinion that, the estate having claimed the property (notwithstanding the respondent was in possession and held a          2

deed to the property regular upon its face), it was incumbent upon the respondent to prove that he was a bona fide purchaser, and that until, he had so done the administrator was entitled to have some decree adjudging the estate to be the owner. It needs no authority to prove that such a position is untenable. The possession of respondent under a deed regular upon its face carries with it the presumption of regularity. If the administrator desired to have the deed set aside or possession disturbed, the burden was upon him to allege and prove that the deed was obtained and possession taken by fraud or other unfair means. *Ewing* v. *Keith*, 16 Utah, 312, 52 Pac. 4; *Wilson* v. *Cunningham*, 24 Utah, 167, 67 Pac. 118.

We remark in closing this opinion that the district court exercised a great deal of patience, and seems to have been extremely liberal in its efforts to enable the administrator to present any testimony which would enlighten the court upon the real situation existing at the date of the execution of the contract and the deed, and to establish any fact showing that the estate had any interest in the property, but, for some reason not apparent, counsel for the administrator seems to have been determined that he would produce no such testimony. The court, as a consequence, could grant him no relief. At the close of the testimony offered by the administrator the court did the only thing it could do, namely, enter an order dismissing the petition. It necessarily follows that the order or judgment should be affirmed.

It is probably unnecessary to add, but, in view of the admitted incompetency of the son of the deceased, it may not be amiss to say, that the judgment of the district court, dismissing the petition of the administrator or the affirmance of that order by this court, does in no way affect or determine the limitations contained in the contract upon respondent Jones' possession or ownership of this property. His right to incumber it or alienate it during the life of Peter Helin of necessity must be controlled and governed by the provisions of the contract made with the deceased.

It appears from the record that there is no property in the

estate from which the costs of this appeal can be paid. We have therefore concluded to allow neither party costs. The order of the district court is affirmed.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.