[No. 2450.    Sept. 3, 1920.]

ABEYTA et al. v. TAFOYA et al.

SYLLABUS BY THE COURT.

In a suit to quiet title to real estate, the plaintiff must recover, if at all, on the strength of his own right, and not on the weakness of his adversary's claim.

Appeal from District Court, Mora County; Leahy, Judge.

Action by Agapito Abeyta, Jr., and another against Damacio Tafoya, etc., and others. Judgment for defendants, dismissing the complaint, and plaintiffs appeal. Affirmed.

ELMER E. VEEDER, of E. Las Vegas, for appellants.

Under the circumstances the law casts the possession of the whole tract upon the person having the older and better title, except as to such portion only as may have been in the adverse possession of his adversary.

It was therefore incumbent upon the defendants to prove their title against the plaintiffs, and not for the plaintiffs to make out an adverse title against the defendants. Vol. 1 Cyc., p. 1130 and 983. Fisher v. Bennehoff, 13 N. E. Rep. 150 (153).

Under the circumstances the deed was inoperative to convey and title whatever to the defendants. McMahon v. Town of Stratford, 76 Atl. Rep. 983; Smith v. Smith, 79 S. W. Rep. 223.

S. B. DAVIS, JR., W. J. LUCAS, and CHAS. W. G. WARD, all of E. Las Vegas, for appellees.

Plaintiff showed no title to the premises, hence cannot maintain his suit. Stanton v. Catron, 8 N. M. 371.

Plaintiff must succeed upon the strength of his own title and not on the weakness of that of his adversary. Stanton v. Catron, supra; Ripinsky v. Hinchman, 181 Fed. 793.

Adverse possession is to be taken strictly and is not to be made out by inferences, but by clear and positive proof. Montoya v. Catron, (N. M.) 166 Pac. 910.

OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the court below by appellants against appellees to quiet their title to a tract of land upon which was situated a lake, called "El Murphy," used for irrigation purposes. Appellees answered, denying title in appellants, and alleged that

the two corporations had title to the land, and asked affirmative relief in that their title be quieted. Issues were framed, and appellants introduced their evidence and rested. Appellees then moved for judgment on the ground that appellants had failed to show title, and waived their right to affirmative relief. The court made findings of fact, finding that appellants had failed to show title, and entered judgment for appellees, dismissing the complaint.

In this court appellants raised several questions, which in our view of the case are wholly immaterial, among which are that the appellees, being community acequias, have no power to hold title to the real estate, or that title to the same cannot be vested in the commissioners of such acequias.

It appears from the evidence that the commissioners of the two acequias had been using the lake called "El Murphy" for a number of years for the storage of water; that there was a time during this period when the dam was washed out, when it was questionable whether any use had been made of the reservoir site for storage purposes, but this question, as well as others raised, is of no consequence, because the court found that appellants had failed to show that they had title to the land in question on which the lake was situated.

"It is a rule of general application that the plaintiff must recover, if at all, on the strength of his own right; and not on the weakness of his adversary's claim." 5 R. C. L. 675.

"To maintain the action to quiet title or remove cloud thereon, plaintiff must have a good and valid title, legal or equitable, or as held in few jurisdictions a legal and equitable title connected with possession to the land in controversy." 32 Cyc. 1329.

The rule is well stated by the Circuit Court of Appeals (Ninth Circuit) in the case of Ripinsky v. Hinchman, 181 Fed. 786, 105 C. C. A. 462, as follows:

"The general rule, in a suit to quiet title or to remove a cloud, as well as in ejectment, is that the plaintiff must succeed upon the strength of his own title, and not on the weakness of that of his adversary. The very idea of removing a cloud from title

presupposes that the plaintiff has a title of some order to defend or to relieve of an alleged or threatened incumbrance or cloud. One in possession merely, without legal or equitable title, cannot maintain a suit to quiet title or to remove a cloud therefrom. 32 Cyc. 1329, 1330. And thus it was held by the Supreme Court, in Stark v. Starr, 6 Wall. 402, 18 L. Ed. 925, that mere naked possession is insufficient upon which to require an exhibition of the state of the adverse claimant, and this under a statute of Oregon providing that 'any, person in possession, by himself or his tenant, may maintain' the suit."

This being the rule, it must become a question of fact as to whether appellants showed title. They admitted that the legal title to the land stood in the grantees of the Mora land grant; that they did not deraign title from any of such grantees. They did claim under a deed, executed to their predecessors in interest in 1869, and attempted to show adverse possession; but the evidence wholly failed to show the necessary possession during the statutory time to the land in controversy, and the finding of the court was correct.

Appellants argue that by the action of the court in excluding certain evidence they were denied the right of proving possession. The court did exclude the answer to this question: "Who has had possession of the land described in those deeds and in the complaint?" But the witness later, in detail, was asked as to who had possession; so if there was error in excluding the answer, it was cured.

We find no error in the record, and the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.

SYLLABUS BY THE COURT.