Antonnette BATTISTONE, Plaintiff
and Appellant,

v.

AMERICAN LAND AND DEVELOP-
MENT CO., a corporation; Royal Gar-
dens, a limited partnership; and Dan A.
Clark, Defendants and Respondents.

No. 16527.

Supreme Court of Utah.

Feb. 15, 1980.

George B. Handy, Ogden, for plaintiff
and appellant.

LaVar E. Stark, Ogden, for defendants
and respondents.

HALL, Justice:

Plaintiff brought suit in district court seeking removal of improvements on her real property and restoration thereof or damages for trespass, or in the alternative, damages for the value of the land taken. The court, sitting without a jury, entered judgment for the defendant, finding that plaintiff had failed in her burden of proving a cause of action against defendants and that defendant Royal Gardens acquired good and sufficient title to the disputed property. It is from that ruling that plaintiff appeals.

In 1968 plaintiff conveyed certain farming property located in Kanesville, Utah, to Mr. and Mrs. Wildon Hales by warranty deed.[1] On February 16, 1973, plaintiff entered into a real estate contract to sell "the South 20 acres" of the same property to a group of four people (hereinafter collectively referred to as Cummings). The alleged purpose of the sale was to pay the proceeds thereof to Hales on the aforementioned obligation.[2] Thereafter, Cummings agreed to sell Royal Gardens (a limited partnership engaged in real estate development) the 20 acres. Royal Gardens paid Cummings for the property, but Cummings was only able to convey 9.88 acres.[3] Royal Gardens developed this land into a subdivision and filed suit against Cummings for the remaining land yet to be conveyed under the agreement. A settlement was apparently reached whereby Cummings promised to convey the remainder of the property previously agreed upon (this parcel consisting of 10.80 acres), together with yet another parcel, in exchange for Royal Gardens' promise to pay $160,000. Subsequent-ly, Royal Gardens paid the money to an escrow agent and Cummings secured for Royal Gardens a quit-claim deed to the 10.80 acre parcel from Hales.

Plaintiff's real estate contract with Cummings provided for the conveyance of only 20 acres, and at that point in time a total of 20.68 acres had been conveyed to Royal Gardens. Plaintiff thereafter filed suit against Royal Gardens, Dan A. Clark (general partner of Royal Gardens) and American Land and Development Company (the builder).

After a trial, the lower court ruled that plaintiff had failed to prove a cause of action against defendants. Judgment was entered accordingly and plaintiff appeals.

On appeal, plaintiff seeks reversal and that the matter be remanded with instructions to reform the deed from Hales to Royal Gardens. Basically, the claim is that Royal Gardens got .68 of an acre more than was contracted for because of a mutual mistake of fact.

These issues (reformation and mistake) were not raised below[4] and plaintiff cannot be heard to raise them for the first time on appeal.[5]

Even had the issues been properly presented at trial, the complaint itself is basically deficient in failing to aver with particularity the circumstances constituting mistake.[6] Moreover, plaintiff is not entitled to reformation of the deed from Hales to Royal Gardens because Hales is not a party to this lawsuit.[7] In order to grant reformation, all the parties to the deed who are affected immediately or consequentially by the mistake should be made parties, as

---

1. Plaintiff claims the conveyance was only to secure an obligation; however, if valid on its face, the presumption is that it conveys fee title. See U.C.A. 1953, 57–1–12; *In re Helin's Estate*, 55 Utah 572, 188 P. 633 (1920); *Bybee v. Stuart*, 112 Utah 462, 189 P.2d 118 (1948).

2. Id.

3. Apparently the conveyance was from Hales to plaintiff, to Cummings, to Royal Gardens, all by quit-claim deed.

4. In the lower court, plaintiff sought damages and not reformation.

5. *Pennsylvania General Insurance Co. v. Barr*, 435 Pa. 456, 257 A.2d 550 (1969); see also *Hanover Ltd. v. Fields*, Utah, 568 P.2d 751 (1977).

6. Rule 9(b), Utah Rules of Civil Procedure; see also *Collier v. Collier*, 274 Ala. 131, 145 So.2d 821 (1962).

7. Neither is Cummings a party.

they are entitled to be heard upon any matter that might affect their rights under the decree.[8]

 Also, in this regard, it is important to note that an attempt to reform a deed is a proceeding in equity.[9] A court of equity will generally not assist one in extricating himself from circumstances which he has created.[10] Plaintiff is solely responsible for putting Hales in a position to convey the property, she having conveyed the property to Hales by warranty deed, and Hales having properly recorded it. Hales merely quit-claimed to Royal Gardens any legal interest he may have had in the property at the date of the conveyance.[11]

Affirmed. Costs to Royal Gardens.

CROCKETT, C. J., and MAUGHAN and WILKINS, JJ., concur.

STEWART, J., concurs in result.

---

8. *Center Creek Water and Irrigation Co. v. Lindsay*, 21 Utah 192, 60 P. 559 (1900). See also *Houser v. Smith*, 19 Utah 150, 56 P. 683 (1899).

9. *Jacobsen v. Jacobsen*, Utah, 557 P.2d 156 (1976).

10. *State ex rel. Burk v. Oklahoma City*, Okl., 522 P.2d 612 (1973). See also *Pacific Metals Co. v. Tracy-Collins Bank & Trust Co.*, 21 Utah 2d 400, 446 P.2d 303 (1968).

11. U.C.A. 1953, 57–1–13.