619 P.2d 188

Ignacio PEREA, Plaintiff–Appellant and Cross–Appellee,

v.

Nasario MARTINEZ et al., Defendants–Appellees and Cross–Appellants.

No. 12642.

Supreme Court of New Mexico.

Nov. 12, 1980.

Lorenzo A. Chavez, Martin J. Chavez, Albuquerque, for plaintiff–appellant and cross–appellee.

Cohen & Aldridge, Oliver Burton Cohen, Albuquerque, for defendants–appellees and cross–appellants.

## OPINION

PAUL SNEAD, District Judge.

Appellant Perea brought suit in Sandoval County to quiet title to 24.804 acres of land. Appellees, identified collectively as the "Caird" group, counterclaimed seeking to quiet title to 143.473 acres of land. The land claimed by Perea bisects the land claimed by the Caird group. The lands are located on the westerly extension of the Middle Rio Grande Conservancy District.

The trial court found that the exterior boundaries of the lands in question did not contain the total acreage claimed by the opposing parties, and that the totaled surveyed acreage was 153.92 acres. The court resolved the problem by relocating the tract of appellant on the northern boundary of Appellee's land, splitting the shortage in land, and quieting title in appellant to 15 acres and appellees in 138.923 acres.

We reverse.

■ It is elementary law that in a suit to quiet title to real estate, the plaintiff must recover upon the strength of his own title and not the weakness of that of his adversary. *Lerma v. Romero*, 87 N.M. 3, 528 P.2d 647 (1974); *Abeyta v. Tafoya*, 26 N.M. 346, 192 P. 481 (1920). Appellant has failed to establish his title. Appellant's claim of title to 24.804 acres rests on a conveyance from Juan F. Chavez on April 10, 1945, containing the following description:

Sandoval County, New Mexico, Map 15, Tract 14A and mesa land.

The tract presently claimed is the "mesa land."

■ The description in the deed is inadequate to identify the particular land being conveyed. Appellant concedes the description is inadequate and seeks to remedy the deed by reference to extrinsic evidence. The evidence in support of the claim is that the grantor, at the time of conveyance, pointed out the boundaries to appellant; appellant subsequently had the land surveyed and monumented, and paid taxes on the land so identified.

Such description and extrinsic evidence is inadequate. In *Komadina v. Edmondson*, 81 N.M. 467, 469, 468 P.2d 632, 634 (1970), this Court stated:

The grantor's intent must be ascertained from the description contained in the deed which must itself be certain or capable of being reduced to certainty by something extrinsic to which the deed refers. (Citation omitted.) Consequently, if extrinsic evidence is to be relied upon to identify the land intended to be conveyed, the deed itself must point to the source from which such evidence is to be sought. (Citations omitted.)

Appellant, at argument, disclaims any intent to claim by adverse possession, and relies on his record title to support his claim. We therefore find it unnecessary to determine whether appellant may have established title by adverse possession.

Chain of title to the tract of appellees is complete. Appellees predecessors in title quieted title to the property in question in 1927, the lands are adequately identified by survey which was used as the description in that suit. The decree in that cause has never been challenged, and appellees are entitled to have the title quieted against claims of the appellant.

The judgment is reversed. The trial court is directed to set the same aside, and to enter a judgment by which appellant takes nothing on his complaint, and title is quieted in appellees to 143.473 acres as described in the counter–claim and requested findings of appellees.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.