662 P.2d 1346

Jim **GERMANY**, et ux.,
**Plaintiffs-Appellees,**

v.

Darwin G. **MURDOCK**, et ux.,
**Defendants-Appellants.**

No. 14675.

Supreme Court of New Mexico.

April 27, 1983.

Rehearing Denied May 12, 1983.

Payne, Mitchell & Quigley, Bill Payne, Carrizozo, for plaintiffs-appellees.

Hinkle, Cox, Eaton, Coffield & Hensley, Richard E. Olson, Paul Kelly, Roswell, for defendants-appellants.

## OPINION

FEDERICI, Justice.

Suit was initiated by plaintiffs-appellees (plaintiffs) in the District Court of Lincoln County to permanently enjoin defendants-appellants (defendants) from interfering with an easement across land owned by defendants. The case was tried without a jury and the court entered judgment for plaintiffs. Defendants appeal. We affirm.

Defendants and plaintiffs both trace their titles to a common grantor, J.A. Hanley (Hanley). Defendants' property is located in Tract 14. Plaintiffs own Tracts 15 and 16. The northeastern boundary of defendants' lot is the Rio Ruidoso. Defendants acquired their lot in 1975 from R.L. McPherson. The deed from Hanley to McPherson reserved for the grantor a 20-foot easement across the "north end" of Tract 14. The deed from McPherson to defendants conveyed the property "SUBJECT TO Easements and restrictions of record; GRANTORS EXCEPT AND RESERVE a ten-foot driveway easement across the lands herein conveyed . . . ." Plaintiffs purchased their property in 1977. In their chain of title is a real estate contract from Hanley to Paul Wyre which refers to a road right-of-way across Tract 14 which was owned at that time by Hanley. Attached to the contract was a plat depicting a roadway along the Rio Ruidoso. There is no reference to the plat in the body of the contract, which was filed for record.

At the time defendants purchased their lot there was a visible path or old road across Tract 14 leading into Tract 15, whose

condition and prior use are in issue. The road is located along the edge of the river and was built by the common grantor. Flooding in the Rio Ruidoso over the years has washed away portions of the road. Plaintiffs used another roadway across the back of defendants' lot until a flood in December 1978 damaged this means of access. Following that flood, plaintiffs bulldozed a road across the front of defendants' property in approximately the same location as the original roadway.

The issue on appeal is whether the trial court erred in holding that plaintiffs had a valid easement across defendants' property.

*Whether the easement is ascertainable from the documents.*

■ Defendants urge that the easement is insufficiently described by the documents and therefore can be placed in a "reasonable location" by the owners of the servient estate. An easement requires the same accuracy of description as other conveyances. "The description requires a certainty such that a surveyor can go upon the land and locate the easement from such description." *Vrabel v. Donahue Creek Watershed Authority,* 545 S.W.2d 53, 54 (Tex.Civ.App. 1976). Defendants also contend that the plat attached to the Hanley-Wyre contract does not constitute constructive notice to defendants because it was neither certified nor acknowledged at the time of filing, Section 14–8–16(A), N.M.S.A.1978, and that the plat cannot be used to determine the location of an easement because it is not referred to within the four corners of the contract. *Perea v. Martinez,* 95 N.M. 84, 619 P.2d 188 (1980). We disagree.

The record quite clearly shows that the easement can be ascertained from the recorded documents and in fact was located by two registered surveyors. The easement location was described in prior deeds as being across Tract 14; it was described in the conveyance to defendants' predecessor in title as being 20 feet along the north end of Lot 14; and it was shown on the plat attached to the Hanley-Wyre contract.

■ The deeds and the Hanley-Wyre contract were properly acknowledged, certified and recorded, Section 14–8–4, N.M.S.A.1978 (Cum.Supp.1982), and therefore are constructive notice to defendants and the public of their contents. § 14–8–6, N.M.S.A. 1978. The plat which was attached to the contract is also properly recorded. Although the plat is not acknowledged as required by Section 14–8–16(A), that statute was not enacted until 1973. There was no statute in effect in 1969, the year of recording of the Hanley-Wyre contract, which addressed the requirements for the recording of plats. In the absence of a mandatory statute, an acknowledgment is not necessary to the validity of an instrument. *Garrett Bldg. Centers, Inc. v. Hale,* 95 N.M. 450, 623 P.2d 570 (1981).

■ Where circumstances are such that a reasonably prudent person should make inquiries, the law charges a person with notice of facts which inquiry would have disclosed. *Otero v. Pacheco,* 94 N.M. 524, 612 P.2d 1335 (Ct.App.), *cert. denied,* 94 N.M. 674, 615 P.2d 991 (1980). The acknowledgment of the easement in prior deeds and on the recorded plat and contract, constitute sufficient circumstances to charge defendants with notice and a duty to make inquiries.

■ It is also clear from the record that defendants had actual knowledge of the existence and location of the easement at the time they purchased the property, although parts of the easement had been washed away by the river. The old road along the river was plainly visible. It had been used in the past by motor vehicles. The trial court concluded that the easement location was ascertainable from the instruments and was in existence on the ground at the time defendants purchased their property. This finding is supported by substantial evidence in the record before this Court. *Toltec Intern., Inc. v. Village of Ruidoso,* 95 N.M. 82, 619 P.2d 186 (1980).

*Equitable Relief.*

■ Defendants purchased additional acreage in order to provide a different means of access for the plaintiffs. That

fact, together with considerable effort and expense incurred by defendants in preparing Tract 14 for subdividing, are factors which defendants contend call for equitable relief in this case. Defendants argue that the court should substitute the new easement for the old easement. We disagree. The new easement did not extend for the entire length of the roadway on defendants' property, nor was it ever dedicated or made a matter of public record. The record also shows that the present existing easement had not been abandoned. Based on the evidence before it, the court properly found that the defendants were not entitled to equitable relief. There is substantial evidence in the record to support the court's finding. *Toltec, supra.*

The judgment of the trial court is affirmed. Plaintiffs shall recover their costs on appeal.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, Senior Justice, concur.