**Julie HOTTINGER and Lamont Dastrup, Plaintiffs and Appellants,**

v.

**Ethel R. JENSEN, Defendant and Respondent.**

No. 18147.

Supreme Court of Utah.

July 20, 1984.

---

1. But see *David v. Industrial Commission,* Utah, 649 P.2d 82, 84 n. 1 (1982).

Dale M. Dorius, Brigham City, for plaintiffs and appellants.

Paul R. Frischknecht, Manti, for defendant and respondent.

HALL, Chief Justice:

Plaintiffs appeal the judgment of the district court that quieted title to the parcel of real property situated in Centerfield, Sanpete County, in defendant. No evidence was taken at trial, the parties having submitted the case for decision based upon stipulated facts.

In 1945 defendant and her late husband acquired approximately 15 acres of land. In 1958 they conveyed all of that land, except the parcel that comprised their home, yard and garden, to Ray and Georgia Jones with the mutual understanding and intent that the boundary line of the property to be conveyed was the existing fence and that it would divide their respective properties. However, as was determined 22 years later, the metes and bounds description in the deed of conveyance prepared by a third party did not follow the fence line but included a plot of approximately .78 acres to the north of the fence, which includes much of defendant's yard and garden spot. This acreage is the subject matter of this dispute.

A few years after the conveyance to the Joneses, they conveyed the property to N.E. Anglin, who in turn conveyed to D.A. Dove. All deeds used the same metes and bounds description as was contained in the original conveyance from defendant to the Joneses. However, it was stipulated that all of the parties understood and intended the fenceline to be the boundary between the two properties. In 1973 Dove conveyed the property to plaintiffs, utilizing the original metes and bounds description. The parties made clear on the record that there was no stipulation as to what representations Dove made to the plaintiffs concerning the boundary line. The plaintiffs, however, claim that no representations were made to them concerning the boundary line. In any event, plaintiffs treated the fenceline as the boundary until 1980. In 1980 plaintiffs had the property surveyed. The survey revealed that the deed description put the boundary some 90 feet north of the fence and within a few feet of de-

fendant's house. Plaintiffs thereupon asserted ownership of the property as described by the deed, tore down the existing fence and erected a fence at the claimed boundary. Defendant objected, whereupon plaintiffs brought suit to quiet title in plaintiffs to the disputed property. Defendant counterclaimed asking reformation of the deed to conform to the previously understood boundary.

The trial court awarded the disputed property to defendant. The court found that plaintiffs' predecessors all understood the fenceline to be the boundary between the two properties and treated it as such, that defendant had been in continuous possession of the disputed land, using it for lawn and garden purposes since 1958, and that plaintiffs obtained their property recognizing the fenceline as the boundary. The court concluded that under those circumstances it would be inequitable to allow the plaintiffs to now claim the disputed property. On appeal, both parties argue boundary by acquiescence. The trial judge in his findings of fact and conclusions of law nowhere mentions boundary by acquiescence and does not address the elements of such. Rather, the trial judge recited that this proceeding was one in equity and, in effect, ordered reformation of the deed to quiet title to the disputed property in defendant.

■■■ Reformation of a deed is a proceeding in equity[1] and is appropriate where the terms of the written instrument are mistaken in that they do not show the true intent of the agreement between the parties.[2] There are two grounds for reformation of such an agreement: mutual mistake of the parties and ignorance or mistake by one party, coupled with fraud by the other party.[3]

■■■ This case is a clear case of mutual mistake by the parties. The defendant and all subsequent purchasers except plaintiffs agreed that the understanding and the intent of the parties to the various deeds was that the fenceline be the boundary. It was only due to a mistake made by the drafter of the deed as to the metes and bounds description that the deed did not conform to the intent of the parties. Reformation is clearly appropriate where there is a variance between the written deed and the true agreement of the parties caused by a draftsman.[4] However, the right of reformation of a deed can be cut off by purchase of the property by a bona fide purchaser for value without notice of the mistake.[5]

■■■ There is no question that the plaintiffs were purchasers for value. Plaintiffs also contend that they took the deed without notice of any mistake. The trial judge, however, found that the plaintiffs purchased their property recognizing the fenceline as the boundary. Although this Court in equity cases can conduct its own review of the facts,[6] we see no reason to disturb the findings of the court below.

The one fact that was not stipulated to below and was thus in dispute was what representations were made to plaintiffs upon purchase and what plaintiffs knew to be the boundary line. The remaining facts all indicate that plaintiffs recognized the fence as the boundary: they treated the fence as the boundary line for 7 years, and the defendant used the disputed property continuously for lawn and garden. It was only after a survey disclosed the mistake that plaintiffs asserted ownership. It could thus be contended that plaintiffs had actual notice of the intent of the original grantor and subsequent grantors. Furthermore, there is little doubt that the

1. *Thompson v. Smith*, Utah, 620 P.2d 520 (1980); *Battistone v. American Land & Dev. Co.*, Utah, 607 P.2d 837 (1980).

2. *Kesler v. Rogers*, Utah, 542 P.2d 354 (1975).

3. *Bown v. Loveland*, Utah, 678 P.2d 292 (1984); *Thompson, supra* n. 1.

4. *Atchison v. City of Englewood*, 193 Colo. 367, 568 P.2d 13 (1977).

5. *See, e.g., Beams v. Werth*, 200 Kan. 532, 438 P.2d 957 (1968).

6. *Hatch v. Bastian*, Utah, 567 P.2d 1100 (1977).

plaintiffs had constructive notice of that intent. It is a well-established principle of law that where circumstances are such that a reasonably prudent person should make inquiries, the law charges the person with notice of facts which a reasonably diligent inquiry would have disclosed.[7] Possession and obvious use of the property by defendant prior to and subsequent to plaintiffs' purchase, coupled with the existing fence, should have put plaintiffs on notice of defendant's claim.[8] A simple query to either defendant or to plaintiffs' grantor would have established the intent of the parties.

The judgment of the trial court is therefore affirmed.

STEWART, HOWE and DURHAM, JJ., concur.

ZIMMERMAN, J., does not participate herein.

7. *See, e.g., Germany v. Murdock,* 99 N.M. 679, 662 P.2d 1346 (1983); *Hendrix v. McKee,* 281 Or. 123, 575 P.2d 134 (1978).

8. *See Crawford v. Brown,* 215 Miss. 489, 61 So.2d 344 (1952). (Reformation suit against original and two subsequent grantees. The original grantor remained in possession of lot mistakenly granted, having the lot under fence and using it as part of an enclosure near his residence. The court reformed the deed holding that Brown knew or should have known the enclosure belonged to Crawford.)