The BONNEVILLE TOWER CONDOMINIUM MANAGEMENT COMMITTEE, Plaintiff and Appellant,

v.

THOMPSON MICHIE ASSOCIATES, INC., a corporation; James R. Michie and Roger H. Thompson, Defendants and Respondents.

No. 19701.

Supreme Court of Utah.

Nov. 21, 1986.

Lawrence L. Summerhays, Arthur A. Allen, Salt Lake City, for plaintiff and appellant.

James D. Gordon, III, Roger H. Thompson, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff Bonneville Tower Condominium Management Committee appeals from the dismissal with prejudice of its amended complaint for failure to join certain indispensable parties as defendants to the action. Plaintiff is the current management committee which purports to represent all the condominium unit owners of the Bonne-ville Tower Condominiums. Defendant Thompson Michie Associates, Inc., was the developer of the condominium project. Defendants Thompson and Michie comprised the initial management committee formed by the condominium declaration which was filed under Utah's Condominium Ownership Act. U.C.A., 1953, § 57–8–10, as amended (Supp.1985).

In its complaint, the Committee alleges that each unit owner is the owner of an undivided interest in certain "common areas" which include extra parking spaces, storage units, and closets in the building. Plaintiff claims that in violation of its declaration, defendants sold the exclusive use of these extra parking spaces and storage areas to thirty-four of the condominium unit owners (hereafter "purchasers"). These extra spaces and storage facilities were not previously assigned to any particular condominium unit or owner. Each purchaser paid for and received from Thompson-Michie the exclusive right to possess and use the extra area purchased.

The complaint claims that Thompson-Michie Associates, Inc., intentionally misrepresented to the purchasers that it had title to the additional parking and storage areas and had a right to sell the same. In addition to its claim for damages, the complaint requests the court to divest the purchasers of their exclusive right of use and declare that all of these extra parking and storage areas are common areas and are owned in undivided shares by all the unit owners.

Defendants moved to dismiss the action for failure to join as indispensable parties defendant those purchasers who had purchased the extra areas and whose rights of exclusive use would be consequently affected by the action. Utah R.Civ.P. 19(a). After preliminary discovery and motions for summary judgment, the court below ordered plaintiff to amend its complaint to add the purchasers as defendants. The court reasoned that it could not declare the disputed areas to be commonly owned unless and until the recorded purchasers of those areas were also before the court. Because the relief that plaintiff requested

would adversely affect ownership rights, the purchasers were determined to be indispensable to an adjudication of plaintiff's claim of common ownership.

After plaintiff attempted to add the purchasers as plaintiffs, the court again granted thirty days to add the indispensable parties as defendants or else the defendants' motion to dismiss would be deemed granted. Plaintiff chose to stand on its complaint as then amended, and the trial court then dismissed the action with prejudice.[1] Plaintiff moved to vacate the dismissal and certify its claim as a class action. Its motion was denied, and this appeal ensued.

■ An indispensable party is one "whose presence is required for a full and fair determination of his rights as well as of the rights of other parties to the suit." *Cowen and Co. v. Atlas Stock Transfer Co.*, Utah, 695 P.2d 109 (1984); *accord Kemp v. Murray*, Utah, 680 P.2d 758 (1984); *Sanpete County Water Conservancy District v. Price River Water Users Association*, Utah, 652 P.2d 1302 (1982). Not only does the indispensable party have an interest in the litigation, but it must have such an interest that the final relief requested cannot be decreed without affecting that interest. *Chiodo v. General Waterworks Corp.*, 380 F.2d 860, 866–67 (10th Cir.1967), *cert. denied*, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967). A plaintiff may not obtain relief adverse to the property rights of others who are not adverse parties to the case without bringing them before the court. In *Houser v. Smith,*[2] we held that a court cannot dispose of or adjudicate the property rights of others who are not made parties to the action and are total strangers to the record.

■ In defense of its refusal to join the purchasers as defendants, plaintiff asserts its right to represent and sue on behalf of all the condominium unit owners, including the purchasers. *Brickyard Homeowners' Association Management Committee v. Gibbons Realty Co.*, Utah, 668 P.2d 535 (1983). By arguing that the management committee is entitled to represent the interests of the purchasers, plaintiff misperceives the nature of the interests involved. Plaintiff's standing to sue on behalf of the condominium unit owners is recognized by defendants. But plaintiff may not purport to represent the purchasers and adversely assert an interest in real or personal property in derogation of the purchasers' rights in the same property. The purchasers' interest in this action is to maintain their exclusive ownership and right of use. Plaintiff seeks to have that use and ownership declared in common with all condominium owners. When a representative plaintiff seeks to divest another, albeit a member of the plaintiff's own group, of his property right, the plaintiff must join that person as a defendant. If, as set forth in the prayer of plaintiff's complaint, an objective of the action is to recover possession or use of the property, then the parties who are in possession and claim ownership are necessary and indispensable parties to the action. *Massachusetts and Southern Construction Co. v. Cane Creek Township*, 155 U.S. 283, 15 S.Ct. 91, 39 L.Ed. 152 (1894).

The interests of the purchasers, to whom defendants sold the exclusive use, are adverse to the interests asserted by the management committee on behalf of all other condominium owners. The adversary nature of the respective interests is clearly manifest in the affidavits of three purchasers stating that the relief sought by plaintiff was detrimental to their property interests and rights. It may be true that the

---

1. After our denial of a petition for interlocutory appeal, plaintiff requested the trial court to enter a final order of dismissal. While defendants correctly argue that generally an appellant may not appeal an order it has requested, we treat plaintiff's motion as a notification to the trial court that plaintiff chose not to amend and that the court should enter a final order of dismissal

to allow an expeditious appeal. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 680–81, 78 S.Ct. 983, 985–86, 2 L.Ed.2d 1077 (1958); *Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656 (6th Cir.1980).

2. 19 Utah 150, 56 P. 683 (1899).

determination of plaintiff's claims for damages for misrepresentation and breach of contract does not require the presence of additional parties for adjudication. But, in order to grant plaintiff its requested relief by determining ownership of or title to the alleged common areas, the court must adjudicate the property rights of the purchasers.

As long as plaintiff requests a determination of ownership in this action, we find no abuse of discretion by the trial court in requiring plaintiff to join as additional defendants those who purchased the property from defendants. The failure to join parties indispensable to a proper resolution of the controversy is grounds for dismissal of the action. *Kemp v. Murray, supra; Dredge Corp. v. Penny,* 338 F.2d 456, 463–64 (9th Cir.1964); *Chiodo v. General Waterworks Corp.,* 380 F.2d at 866.

██ While the court below properly exercised its discretion in dismissing plaintiff's action for failing to comply with Rule 19(a), it was improper to do so with prejudice. Dismissal with prejudice under Rule 41(b) is a harsh and permanent remedy when it precludes a presentation of a plaintiff's claims on their merits. Our rules of procedure are intended to encourage the adjudication of disputes on their merits.

Dismissal for failure to join an indispensable party is only an abatement of that particular action and does not bar an action on the merits. Plaintiff's failure to bring all parties before the court prevents it from properly reaching the merits of plaintiff's claim. The deficiency may be overcome by joining the party required or by asserting only those alternative claims for relief that do not require the presence of other parties. If the appropriate amendment is not made, the action is subject to dismissal, but not with prejudice, because the defense operates only to abate the particular action being dismissed. *Dredge Corp. v. Penny,* 338 F.2d at 463–64.

Referring to its Federal Rules of Civil Procedure, the United States Supreme Court has stated that Rule 41(b) is not intended to change the common law principles with respect to dismissals in which the merits cannot be reached for failure of the plaintiff to satisfy a precondition requisite to consideration of the merits. *Costello v. United States,* 365 U.S. 265, 285–87, 81 S.Ct. 534, 544–46, 5 L.Ed.2d 551 (1961). We find nothing in the record below that would support any exception to the principle stated in *Costello* or to the intent of Rule 41(b) by imposing the drastic remedy of dismissal with prejudice in this case. *Dredge Corp. v. Penny; accord Scoggins v. Fredrick,* 629 F.2d 426 (5th Cir.1980); *Transit Casualty Co. v. Security Trust Co.,* 396 F.2d 803 (5th Cir.1968); *Chiodo v. General Waterworks Corp.,* 380 F.2d at 867. The lower court's reason for dismissal was plaintiff's failure to join indispensable parties defendant. No other basis for dismissal was given. Under Utah Rule of Civil Procedure 41(b), a dismissal for failure to comply with Rule 19(a) is not an adjudication on the merits. Not having considered the merits of plaintiff's claims, there was no reason for the court to dismiss with prejudice and prevent future consideration of the claims should the defect be corrected. The trial court abused its discretion by entering its Rule 41(b) dismissal with prejudice.

Considering plaintiff's motion to vacate the dismissal, we find no abuse of the trial court's discretion in denying the motion. *Airkem Intermountain Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429 (1973); *accord Hall v. Fitzgerald,* Utah, 671 P.2d 224, 229 (1983); *Russell v. Martell,* Utah, 681 P.2d 1193 (1984).

Plaintiff's remaining arguments on appeal reach the merits of its claims and were not considered below. In view of our decision, we decline to consider them here. We affirm the dismissal of the action, but remand with the instruction to enter the dismissal without prejudice. No costs awarded.

DURHAM, J., having disqualified herself, does not participate herein.