**INTERMOUNTAIN PHYSICAL MEDICINE ASSOCIATES,**
**Plaintiff and Appellant,**

v.

**MICRO–DEX CORPORATION,**
**Defendant and Respondent.**

**No. 860050–CA.**

Court of Appeals of Utah.

July 21, 1987.

John Spencer Snow, Snow & Halliday, Salt Lake City, for plaintiff-appellant.

Tim Martin, Young & Martin, Denver, Colo., for defendant-respondent.

## OPINION

Before DAVIDSON, GREENWOOD and JACKSON, JJ.

DAVIDSON, Judge:

The Third District Court denied plaintiff's Motions for Leave to File Amended Complaint and for a Continuance while it granted defendant's Motion to Dismiss With Prejudice. Plaintiff appeals claiming that it was error not to have allowed the amendment of the complaint and to have dismissed with prejudice. We reverse and remand.

Plaintiff's complaint was filed on October 7, 1982, and generally alleged breach of contract and negligence in relation to the sale and installation of a computer system by defendant. The complaint indicated plaintiff as a Utah professional corporation (P.C.). On January 17, 1983, defendant answered and made certain counterclaims. Plaintiff's reply was filed on January 24, 1983. Plaintiff's original Certificate of Readiness for Trial was objected to and stricken on February 24, 1983. Plaintiff was granted leave to file a First Amended Complaint which continued to designate plaintiff as a P.C. On November 4, 1983, plaintiff filed a Second Amended Complaint. This pleading alleged plaintiff to be a Utah partnership and added, as plaintiff, one of the members of the partnership in his individual capacity. At that time, plaintiff's counsel mailed a Stipulation and Order to Amend this complaint to defendant's counsel which was neither signed nor returned by the latter. Another Certificate of Readiness for Trial was filed on January 9, 1984. A pre-trial settlement conference was held on February 15, 1984, but without positive result. The trial court's minute entry concerning the conference indicates that the Second Amended Complaint was before the court at that proceeding at which both sides were represented by counsel.

Trial before the court was held on May 9, 1984. The Findings of Fact declare that plaintiff is a partnership made up of three P.C.'s, not named as parties to the suit, and that the three general partner-corporations are indispensable parties. The trial court also found that defendant's corporate vice president and its counsel had flown to Salt Lake City from Denver and that a continuance would substantially prejudice defendant. The trial judge dismissed plaintiff's complaint with prejudice but then allowed defendant to proceed on its counterclaim against the partnership. Plaintiff's Notice of Appeal was filed on July 25, 1984.

■ The pertinent analysis which must be undertaken is whether the trial court *should* have dismissed with prejudice rather than Dismiss with Leave to Amend, grant the Motion for Leave to Amend or grant a continuance. Utah R.Civ.P. 17(a) declares:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The thrust of Utah R.Civ.P. 19 is to require the joinder of persons needed for just adju-

dication. Rule 19(a) instructs the trial court to join as a party a person whose absence will prevent complete relief among those already parties. A plain reading of Rules 17(a) and 19(a) reveals that the trial court should make every effort to insure that the proceeding adjudicates the rights of those necessary and intended to be before the court. In conjunction with this basic concept is the requirement in Utah R.Civ.P. 15(a) which states that leave shall be freely given to amend a pleading when justice so requires. This admonition is given in the sentence which declares that subsequent amendments to pleadings may be made only by leave of court or by written consent of the adverse party.

█ Defendant cannot claim that it was not aware of plaintiff's status as a partnership as early as nine months prior to the trial. During the taking of depositions in August of 1983, defendant's counsel was informed that plaintiff was a partnership. Plaintiff's status was also revealed to defendant both by the Stipulation and Order to Amend mailed to counsel and at the pre-trial settlement conference.[1]

The issue of dismissing an action with prejudice was recently addressed by the Utah Supreme Court in *Bonneville Tower v. Thompson Michie Assoc.*, 728 P.2d 1017 (Utah 1986). The trial court's dismissal for failure to join indispensable parties was affirmed but the Supreme Court remanded with the instruction to enter the dismissal without prejudice. That Court wrote:

> While the court below properly exercised its discretion in dismissing plaintiff's action for failing to comply with Rule 19(a), it was improper to do so with prejudice. Dismissal with prejudice under Rule 41(b) is a harsh and permanent remedy when it precludes a presentation of a plaintiff's claims on their merits. Our rules of procedure are intended to encourage the adjudication of disputes on their merits.
>
> . . . .
>
> Not having considered the merits of plaintiff's claims, there was no reason

for the court to dismiss with prejudice and prevent future consideration of the claims should the defect be corrected. The trial court abused its discretion by entering its Rule 41(b) dismissal with prejudice.

*Id.* at 1020.

█ In this case we believe the court abused its discretion in not allowing the amendment or granting a continuance. Defendant claimed no surprise, nor could it, but instead relied on the specter of increased costs and complexity if the amendment was granted. Despite the parties being represented by the same counsel throughout the proceedings and despite there being no surprise, the dismissal with prejudice was granted. While courts are given great latitude and discretion in the application of the law, they still must have sufficient grounds to apply the "harsh and permanent remedy" of a dismissal with prejudice. No such grounds appear here.

The dismissal with prejudice and the judgment are reversed and the case is remanded for trial.

GREENWOOD and JACKSON, JJ., concur.

---

1. At trial, counsel for defendant admitted receiving the request to stipulate to the filing of the Second Amended Complaint but stated that he was unwilling to so stipulate.