SGM PARTNERSHIP, Plaintiff-Appellee, Cross-Appellant, *v.*
JAMES NELSON, Defendant-Appellant, Cross-Appellee

NO. 9956

(CIVIL NO. 73215)

MAY 1, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

James Nelson (Nelson) appeals from a $27,344.73 judgment for damages, attorney's fees and costs in favor of SGM Partnership (SGM) arising from Nelson's alleged breach of a lease of store space from SGM. SGM cross-appeals contending the damages should have included $5,082.00 for brokerage fees incurred as an expense in re-letting the premises. We agree with SGM and affirm the judgment as herein modified.

On February 4, 1982, SGM and Nelson as landlord and tenant, respectively, entered into a lease of store space in a new building for the period from April 1, 1982 to December 31, 1986. Exhibit C attached to the lease stated in pertinent part that SGM would provide:

5. Air conditioning, chilled water — to space.[1] [Footnote added.]

When Nelson began preparing for the opening of his store, it became apparent that the air conditioning system (hereafter system) was malfunctioning.[2] Nelson complained to SGM but, nonetheless, opened the store on time, paying rent for April and June. In mid-May, SGM installed a window air conditioning unit (window unit) as a temporary alternative to the system and waived

---

[1] A central air conditioning system that chills water and circulates it to an entire floor.

[2] The system was not functioning properly because Nelson was the first tenant and the lack of demand on it caused the system to shut itself off.

the May rent. On July 4, 1982, Nelson abandoned the premises and refused to make further rental payments. SGM re-let the premises on April 1, 1983.

On September 9, 1982, SGM filed its complaint for damages. On February 22, 1984, after a bench trial, findings of fact and conclusions of law were entered, prompting Nelson to file a motion for reconsideration on February 27, 1984. The trial court entered judgment for SGM on April 10, 1984.[3] On April 11 and 25, 1984, Nelson and SGM filed an appeal and cross-appeal, respectively, which will be discussed *seriatim*.

## NELSON'S APPEAL

Nelson challenges only the trial court's conclusions of law nos. 1 and 2, which state:

1. Defendant substantially breached the terms of the lease by failing to pay rent and by abandoning the premises.

2. Assuming arguendo that there was any failure to perform under the lease by Plaintiff, Defendant waived such failure by failing to give proper notice thereof to Plaintiff to allow Plaintiff to cure.

Specifically, Nelson contends[4] he was not in breach of the lease because: (1) he was not required to give notice of the inadequate window unit since SGM had actual knowledge, implied notice or constructive notice of this defect; and (2) SGM's failure to provide the specified air conditioning was a failure to perform a condition necessary to the existence of the lease rendering it inoperative. His arguments are without merit.

Conclusions of law are freely reviewable on appeal employing the right/wrong standard. *Lundburg v. Stinson*, 5 Haw. App. 394,

---

[3] We conclude that by entering the judgment the trial court impliedly denied Nelson's motion.

[4] On appeal, Nelson also argues that notice that the window unit was inadequate was unnecessary because SGM had retained the right to enter and inspect the premises. However, we do not reach this question since it was not raised below. *Miller v. Leadership Housing Systems, Inc.*, 57 Haw. 321, 325, 555 P.2d 864, 867 (1976); *Hong v. Kong*, 5 Haw. App. 174, 177, 683 P.2d 833, 837 (1984).

_____, 695 P.2d 328, 333 (1985). A conclusion of law which is supported by the trial court's findings of fact and which reflects an application of the correct rule of law will not be overturned. *Nani Koolau Co. v. K & M Construction, Inc.,* 5 Haw. App. 137, 141, 681 P.2d 580, 585 (1984).

1.

Nelson argues that his "abandonment and failure to pay rent was justified under a theory of constructive eviction." However, even under that doctrine, he was required to give "notice that the premises are uninhabitable or unfit for his purposes" prior to abandonment. *Lemle v. Breeden,* 51 Haw. 426, 434-35, 462 P.2d 470, 475 (1969). 49 Am. Jur. 2d *Landlord and Tenant* § 840 (1970). The notice requirement is particularly applicable where, as in this case, "the landlord has undertaken to comply with his covenant and has made repairs. . . . [I]f the tenant claims that the repairs are not sufficient, it is his duty to give notice thereof to the landlord[.]" *Id.*

Nelson contends, however, that SGM had (1) actual knowledge or (2) implied or constructive notice of the inadequacy of the window unit and, therefore, he was relieved of the necessity to give notice. However, each of the principles propounded by Nelson depends for its application upon a particular set of facts from which the requisite knowledge or notice may be inferred either as an ultimate fact or a conclusion of law. *See* 58 Am. Jur. 2d *Notice* § 5 (1971). Actual knowledge is clearly a factual determination, *see United States v. Mowat,* 582 F.2d 1194, 1201-02 (9th Cir.), *cert. denied,* 439 U.S. 967, 99 S. Ct. 458, 58 L.Ed.2d 426 (1978), as is implied notice. 58 Am. Jur. 2d, *supra,* § 5. Constructive notice arises as a legal inference, 58 Am. Jur. 2d, *supra,* § 6, where "circumstances are such that a reasonably prudent person should make inquiries, [and therefore] the law charges a person with notice of facts which inquiry would have disclosed." *Germany v. Murdock,* 99 N.M. 679, 681, 662 P.2d 1346, 1348 (1983).

In the instant case, the trial court's conclusion that Nelson had failed to give notice of the inadequacy is a finding that the facts and circumstances do not support his propositions. The court is not required to make negative findings of fact. 9 Wright & Miller, Federal Practice & Procedure: *Civil* § 2579 (1971).

Nelson argues that coupling the trial court's finding that the window unit was inadequate[5] with the testimony of one of the SGM partners, Michael S. Myers (Myers), that he was on the premises "almost daily," indicated that SGM had implied or constructive notice of the defect. However, Myers testified that as far as he could tell the window unit was functioning adequately; that, although the store was warm only on "Kona" days,[6] it was not unbearable; and he attributed the warmth to the fact that the front door was open to attract customers.

Bearing in mind that the trial court is the judge of the credibility of the witnesses, *Nani Koolau, supra,* that testimony is sufficient to refute Nelson's contention that SGM had knowledge or notice and to support the trial court's conclusion that Nelson failed to give proper notice.

2.

Nelson asserts here, as he did in his motion for reconsideration below, that the lease clause requiring SGM to provide "air conditioning, chilled water — to space" should be construed as a condition necessary to the existence of the lease and not merely a covenant to be performed by SGM.

Assuming, arguendo, that it is uncertain whether the lease provision is a covenant or a condition, Nelson's argument runs counter to the general rule that, "[w]here it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise[.]" *Caldeira v. Sokei,* 49 Haw. 317, 325, 417 P.2d 823, 828 (1966) (quoting Restatement *Contracts* § 261 (1932)). Whether a lease provision is a condition or a covenant depends on the intent of the parties. *Awad Texas Enterprises, Inc. v. Homart Development Co.,* 589 S.W.2d 817, 820 (Tex. Civ. App. 1979). Where a contract provision is ambiguous, this court is bound by the decision of the fact finder below regarding the intent of the parties, unless the finding is clearly erroneous. *Bishop Trust Co. v. Central Union*

---

[5] This was an oral statement by the trial court, not a part of the findings of fact.

[6] Days when the winds are southerly.

*Church of Honolulu,* 3 Haw. App. 624, 628, 656 P.2d 1353, 1356 (1983). In the case at bar, when the trial court entered judgment after Nelson filed his motion for reconsideration, it impliedly rejected Nelson's argument and found the lease provision to be a covenant. We are bound by that determination. Moreover, we find nothing in the record to convince us that the clause is unambiguous or that a condition was intended by the parties.

### SGM'S CROSS-APPEAL[7]

SGM challenges finding of fact no. 10 and conclusion of law no. 3. They state:

[Finding of fact no.] 10. Plaintiff sustained damages caused by Defendant's abandonment in the following amounts:

| | |
|---|---:|
| Rent from July 1, 1982 to March 30, 1983 | $23,812.92 |
| Parking charges in arrears | 240.00 |
| Necessary improvements for reletting, including charges for rerouting of computer lines | 10,876.24 |
| Management fee | 64.50 |
| Real property taxes | 228.89 |
| Insurance premiums advanced by landlord | 188.58 |
| Late charges | 3,086.45 |
| TOTAL | $38,497.58 |

[Conclusion of law no.] 3. Plaintiff is entitled to entry of judgment in its favor and against Defendant in the amount of $27,344.73[8] plus attorney's fees and costs in accordance with law as may hereinafter be awarded on Motion by Plaintiff. [Footnote added.]

We hold that the trial court erred in denying SGM additional

---

[7] Nelson did not file an answering brief in opposition to SGM's cross-appeal.

[8] Finding of fact no. 10 was offset by finding of fact no. 11 (benefits retained by SGM) to ascertain the final amount of damages in conclusion of law no. 3.

damages in the form of a brokerage commission paid in re-letting the abandoned premises.

SGM proved by Myers' unrebutted testimony that it paid Grubb & Ellis Commercial Brokerage $5,082 in commissions for the purpose of re-letting the premises. The trial court, however, did not include this amount in finding of fact no. 10, nor in the judgment.

Under paragraph 27c of the lease, SGM was entitled to recover as damages "all brokerage commissions or other similar expenses . . . in connection with such re-letting[.]" Myers' unrefuted testimony was that the commission was paid. The matter was specifically provided for in the lease and proven at trial, and the finding is clearly erroneous.

Since the trial below was heard without a jury and the record clearly shows SGM to be entitled to the brokerage commission, we hereby modify the judgment by adding the sum of $5,082.00, making a total judgment of $32,426.73. *Bohrer v. Clark,* 180 Mont. 233, 242, 590 P.2d 117, 122 (1978).

Affirmed as modified.

*Ronald L. Peters* for defendant-appellant, cross-appellee.

*Gordon D. Nelson (Morse, Nelson & Ross* of counsel) for plaintiff-appellee, cross-appellant.