**Electronically Filed
Supreme Court
SCAP-23-0000531
12-SEP-2025
11:52 AM
Dkt. 43 SO**

SCAP-23-0000531

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

ROBERT R. HEMSHER, JR.; BRIDGETTE B. HEMSHER;
STEPHEN P. CANO; and NINA Q. CANO,
Plaintiffs-Appellants,

vs.

BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; WAYNE MICHAEL TILKA; DOROTHY JEAN TILKA;
MAUNA LANI GOLF H2, LLC; WAYNE BOTELHO; KATHLEEN P. BOTELHO;
JASON J. BOTELHO; and WELLS FARGO BANK, N.A.,
Defendants-Appellees.

---

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CAAP-23-0000531; CASE NO. 3CCV-20-0000317)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

Plaintiffs, Robert and Bridgette Hemsher and Stephen and

Nina Cano (collectively, Borrowers), took out mortgage loans

from Bank of America, N.A. (Lender) subject to liens on their

properties. Between 2008 to 2009, Borrowers defaulted on their

loans. Lender subsequently foreclosed on the properties

pursuant to the power of sale clauses in Borrowers' mortgage

agreements as authorized by Hawaiʻi Revised Statutes (HRS) § 667-5 (Supp. 2008) (repealed 2012).  In 2020, Borrowers filed the instant action in the Circuit Court of the Third Circuit (circuit court) alleging wrongful foreclosure; unfair or deceptive acts and practices and unfair methods of competition under HRS Chapter 480 (UDAP); and quiet title and ejectment against the current titleholders of the properties (collectively, Titleholders).

The circuit court granted summary judgment in favor of Lender and Titleholders as to all claims.[1]  Borrowers appealed to the Intermediate Court of Appeals; we granted transfer to this court.

We addressed similar issues in our recent decision McCullough v. Bank of America, N.A., ___ Hawaiʻi ___, ___ P.3d ___, 2025 WL _____ (Haw. Sep. 12, 2025).  As with the plaintiffs in McCullough, Borrowers in this case have not established compensatory damages pursuant to our holdings in Lima v. Deutsche Bank National Trust Co., 149 Hawaiʻi 457, 494 P.3d 1190 (2021) and Llanes v. Bank of America, N.A., 154 Hawaiʻi 423, 555 P.3d 110 (2024).  Further, pursuant to our decision in McCullough, Borrowers' claims against Titleholders are barred by the six-year statute of limitations pursuant to HRS § 657-1(4)

---

[1]     The Honorable Robert D.S. Kim presided.

(2016). Additionally, Titleholders are protected bona fide purchasers.

## I.

The following is largely undisputed on appeal. Borrowers in this case do not contest that they missed mortgage payments, after which Lender commenced nonjudicial foreclosure proceedings. Thereafter, the properties were conveyed to third-party purchasers.

In June 2007, Robert and Bridgette Hemsher (Hemshers) obtained two loans from Lender's predecessor in interest, in the amounts of $475,350.00 and $89,100.00 respectively, to refinance an existing mortgage encumbering their property located in Kailua-Kona, Hawai'i. According to the Hemshers, they purchased the property in 2005 for $558,000.00 financing the purchase with a $557,955.00 development acquisition loan and some personal funds to cover closing costs. The Hemshers contend they paid $30,000.00 in interest on the prior development acquisition loan. As to their loans with Lender, the Hemshers contend they paid $45,401.42 in interest on their first loan and $9,725.38 in interest on their second loan. They further claim that they paid $6,000.00 in closing costs on the two loans with Lender.

Beginning in January 2009, the Hemshers began missing payments on both loans. In September 2009, Lender initiated a nonjudicial foreclosure against the Hemshers' property pursuant

to the power of sale clause in the mortgage agreements. After postponing the sale by public announcement, Lender held the foreclosure sale on November 19, 2009; Lender was the winning bidder paying $512,283.29. Lender recorded an Affidavit of Foreclosure Under Power of Sale in the Bureau of Conveyances (BOC). After the foreclosure sale, the Hemshers contend they incurred $25,200.00 in damages based on their loss of use of the property.

At the time of the sale, Lender presented evidence that the Hemshers owed $506,711.42 and $87,973.54 on their loans with Lender. There is nothing in the record indicating that Lender sought a deficiency payment on either loan.

After the sale, Lender conveyed the property to Federal National Mortgage Association (Fannie Mae). Thereafter, Fannie Mae conveyed the property to subsequent purchasers. Those purchasers conveyed the property to a third-party who thereafter conveyed the property to the current titleholders.

In January 2007, Stephen and Nina Cano (Canos) obtained a $448,388.00 mortgage loan from Lender's predecessor in interest. The Canos purchased a property in Kamuela, Hawai'i for $569,832.67, including closing costs, financing the purchase with the loan proceeds and $121,444.67 in personal funds. Thereafter, the Canos contend they paid $47,641.20 in interest

4

on the loan.

In December 2008, the Canos began missing payments on their loan. Lender initiated a nonjudicial foreclosure pursuant to the mortgage agreement's power of sale clause. After postponing the sale by public announcement, Lender held the foreclosure sale on January 15, 2010; Lender was the winning bidder paying $350,471.00. Lender subsequently recorded an Affidavit of Foreclosure Sale Under Power of Sale in the BOC. After the foreclosure sale, the Canos contend they incurred damages based on their loss of use of the property totaling $28,800.00.

Lender presented evidence that at the time of the sale, the Canos owed $486,458.77 on the loan. After the foreclosure sale, Lender conveyed the property to Federal Home Loan Mortgage Corporation (Freddie Mac). Freddie Mac subsequently conveyed the property to the current titleholder.

In 2020, Borrowers brought the instant action in the circuit court against Lender and Titleholders alleging claims for wrongful foreclosure, UDAP, and quiet title and ejectment. Lender moved for summary judgment as to Borrowers' wrongful foreclosure and UDAP claims, citing to this court's decision in Lima and arguing that Borrowers did not establish prima facie wrongful foreclosure or UDAP claims because the outstanding debt owed on the mortgages at the time of the foreclosure sales exceeded Borrowers' compensatory damages. In response,

Borrowers asserted they established compensatory damages against Lender based on the "total acquisition cost" of the properties including any incurred mortgage debt plus damages due to their loss of use of the properties.

Titleholders filed separate motions for summary judgment. Titleholders asserted that the conveyances to Titleholders were not void; Borrowers' claims for quiet title and ejectment failed because they could not establish damages against Lender; Borrowers' claims were barred by the statute of limitations; and Titleholders were bona fide purchasers.

The circuit court granted the motions for summary judgment filed by Lender and Titleholders. As to Lenders' motion for summary judgment, the circuit court rejected Borrowers' method for calculating damages as inclusive of incurred debt and unpaid interest. The circuit court determined that Borrowers were not entitled to damages for loss of use, but nevertheless included those alleged damages in its calculations. The circuit court ruled that the wrongful foreclosure and UDAP claims failed as a matter of law because Borrowers did not present evidence of compensatory damages in excess of their respective debts.

As to Titleholders' motions for summary judgment, the circuit court determined that a conveyance after a wrongful foreclosure sale is voidable, not void, and Titleholders were protected bona fide purchasers. The circuit court further ruled

6

that Borrowers' claims for return of title and possession were barred by the statute of limitations, and Borrowers could not proceed with their quiet title and ejectment claims against Titleholders because they could not establish compensatory damages against Lender.

The circuit court issued its final judgment in favor of Lender and Titleholders, which Borrowers appealed to the Intermediate Court of Appeals.  We granted Borrowers' application for transfer to this court.

**II.**

We review summary judgments de novo.  Llanes, 154 Hawai'i at 428, 555 P.3d at 115.  This court "may affirm summary judgments on any grounds in the record, including those upon which the circuit court did not rely."  Id. at 429, 555 P.3d at 116 (citation omitted).

Lender initiated its nonjudicial foreclosures on the mortgaged properties pursuant to HRS § 667-5, which was repealed in 2012.  As we noted in McCullough, our decisions in Lima and Llanes, decided after Borrowers filed the instant action, are dispositive.  See Lima, 149 Hawai'i at 467-69, 494 P.3d at 1200-02; Llanes, 154 Hawai'i at 429-34, 555 P.3d at 116-21.  Lima requires that we account for Borrowers' outstanding debt when they establish damages.  149 Hawai'i at 469, 494 P.3d at 1202.

Llanes held that "invested debt" cannot be included in Borrowers' calculation of compensatory damages. 154 Hawaiʻi at 432-34, 555 P.3d at 119-21.

Applying our precedent to Borrowers' claims, even accounting for damages based on loss of use of the properties as alleged in the declarations Borrowers filed in the circuit court, Borrowers' debts at the time of the foreclosure sales exceeded their compensatory damages. Consequently, Borrowers have not established prima facie wrongful foreclosure or UDAP claims against Lender.

The circuit court incorrectly concluded that Borrowers could not seek loss of use as special damages. See id. at 433, 555 P.3d at 120. However, the circuit court nevertheless calculated Borrowers' damages as inclusive of loss of use and determined that even accounting for such damages, Borrowers did not establish compensatory damages. Based on Borrowers' declarations filed in the circuit court, there is no genuine issue of material fact that Borrowers' alleged damages, including loss of use of the properties, did not exceed the outstanding debt owed at the time of the foreclosure sales. See McCullough, ___ Hawaiʻi at ___, ___ P.3d at ___.

Addressing Borrowers' claims against Titleholders, these claims are barred by the six-year statute of limitations for wrongful foreclosure claims. As in McCullough, we respectfully

8

disagree with the circuit court that Borrowers are precluded from seeking return of title and possession of the properties without first establishing out-of-pocket damages.  However, McCullough held that "the statute of limitations for Borrowers' wrongful foreclosure claims also applies to their quiet title and ejectment claims against Titleholders."  Id. at ___, ___ P.3d at ___.  We reasoned that in bringing claims for quiet title and ejectment, borrowers essentially sought a remedy for their wrongful foreclosure claims, which were subject to the six-year statute of limitations in HRS § 657-1(4).  Id. at ___, ___ P.3d at ___.  As with the plaintiffs in McCullough, in this case, Borrowers' claims for return of title and possession of the properties are subject to the wrongful foreclosure statute of limitations and, thus, are time-barred.[2]

The statute of limitations for a wrongful foreclosure claim is six years pursuant to HRS § 657-1(4).  Id. at ___, ___ P.3d at ___.  The foreclosure sales took place between 2009 and 2010. Borrowers filed their complaint in 2020.  Accordingly, when Borrowers filed the instant action, their claims against Titleholders for return of title and possession of the properties based on the wrongful foreclosures were time-barred

---

[2]     As with the McCullough plaintiffs, Titleholders were not defendants to the federal action filed in Degamo v. Bank of America, N.A., Civil No. 13-00141 JAO-KJM.  Under the circumstances of this case, class-action tolling does not apply to claims against Titleholders.

by the statute of limitations.  HRS § 657-1(4).

Titleholders are further protected against Borrowers' claims as bona fide purchasers.  See McCullough, ___ Hawai'i at ___, ___ P.3d at ___.  Borrowers allege procedural defects during the foreclosure sales.  Specifically, they contend that the notices of sale published in The Honolulu Advertiser and posted on the properties were not in compliance with HRS §§ 667-5 and 667-7.  According to Borrowers, these defects were plain on the face of the affidavits of foreclosure recorded in the chain of title of each property, and therefore, Titleholders were on constructive notice of a wrongful foreclosure.

As we noted in McCullough, we disagree with Borrowers that our decision in Delapinia v. Nationstar Mortgage LLC, 150 Hawai'i 91, 497 P.3d 106 (2021) constituted a new rule.  Accordingly, Delapinia applies to this case and any conveyance to a third-party purchaser after a wrongful foreclosure sale is voidable and not void.  Delapinia, 150 Hawai'i at 93, 497 P.3d at 108.

As to Borrowers' primary assertion that Titleholders were on constructive notice of any defects in the foreclosure process, consistent with our decision in McCullough, we conclude the affidavits filed in the chain of title of the properties did not place Titleholders on notice of any defects in the foreclosure process.  See ___ Hawai'i at ___, ___ P.3d at ___.

10

"Constructive notice arises as a legal inference . . . where circumstances are such that a reasonably prudent person should make inquiries, and therefore the law charges a person with notice of facts which inquiry would have disclosed." SGM P'ship v. Nelson, 5 Haw. App. 526, 529, 705 P.2d 49, 52 (App. 1985) (cleaned up); see Black's Law Dictionary, at 1274 (12th ed. 2024).

For both properties, Lender's counsel signed a foreclosure affidavit, which was subsequently recorded in the BOC. Each affidavit attested that the foreclosures occurred in compliance with and pursuant to HRS §§ 667-5 through 667-10. The affidavits further provided that notices of the sales were published in The Honolulu Advertiser and the sales were postponed by public announcement. In each case, the actual foreclosure sales took place after the publication of the notices of sale and after the notices of sale were posted on the properties.

There was nothing on the face of these affidavits that provided Titleholders with constructive notice that the foreclosures were procedurally deficient. Under these facts and circumstances, we conclude that Titleholders are bona fide purchasers.

11

## III.

The circuit court's grant of summary judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, September 12, 2025.

<div style="display:flex; justify-content:space-between;">
<div>

James J. Bickerton,
Van-Alan H. Shima and
(Bridget G. Morgan-Bickerton
on the briefs) for
plaintiffs-appellants

Elizabeth Z. Timmermans,
(Allison Mizuo Lee and
Patricia J. McHenry on the
brief) for defendant-appellee
Bank of America

Summer H. Kaiawe
(Michael C. Bird and
Vanessa D. Wen on the briefs)
for Mauna Lani Golf H2, LLC

Charles A. Price
for defendants-appellees
Wayne Michael Tilka
and Dorothy Jean Tilka

</div>
<div>

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

</div>
</div>

